**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

DEWEY COFFMAN,

      Plaintiff-Appellant,

v.

DAN GLICKMAN, Secretary of the
United States Department of
Agriculture; UNITED STATES
DEPARTMENT OF AGRICULTURE,

      Defendants-Appellees.

No. 01-6203

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-99-1797-T)**

---

Steven M. Angel, Angel & Associates, LLC, Oklahoma City, Oklahoma, for the
Plaintiff-Appellant.

Ron Pyle, Assistant United States Attorney, Oklahoma City, Oklahoma, (Robert
G. McCampbell, United States Attorney, and Eleanor Darden, Assistant United
States Attorney, Oklahoma City, Oklahoma on the brief) for the Defendants-
Appellees.

---

Before **SEYMOUR** and **McCONNELL**, Circuit Judges, and **KRIEGER**, District
Judge.[*]

---

    [*] The Honorable Marcia S. Krieger, United States District Judge for the District of
Colorado, sitting by designation.

**KRIEGER**, District Judge.

Dewey Coffman brought this civil rights action following review by the Merit Systems Protections Board (MSPB) of his termination from employment by the United States Department of Agriculture (USDA). Both before the MSPB and in this action, Mr. Coffman alleged that he was terminated by the USDA based upon illegal discrimination related to age, disability and in retaliation for filing prior discrimination complaints. Upon motion of the USDA, the district court found that Mr. Coffman's claims of unlawful discrimination had been "eliminated" by the MSPB, thereby extinguishing the "mixed" nature of the case. As a consequence, the district court concluded that it lacked subject matter jurisdiction and dismissed and transferred the action to the Court of Appeals for the Federal Circuit. Mr. Coffman appeals from such order. We **REVERSE** and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Mr. Coffman was terminated from employment by the USDA for "medical inability to perform duties." He appealed the agency's termination decision to the MSPB, asserting that he did not suffer from any medical or mental problems and was able to perform his duties. He affirmatively contended that his termination was the result of unlawful discrimination on the basis of an alleged

disability, his age (62 years), and as retaliation for his filing of age discrimination complaints and whistle-blowing disclosures.[1]

At an evidentiary hearing before an Administrative Law Judge (ALJ), Mr. Coffman testified on his own behalf and presented testimony of witnesses Debra McAlister, Donna Ward, and Sam Cameron to support his claims of unlawful discrimination. The ALJ evaluated the evidence presented, then issued a thorough, 31-page written opinion affirming the USDA's decision to terminate Mr. Coffman and determining that the unlawful discrimination claims had no merit. The ALJ gave detailed consideration to each of Mr. Coffman's claims, finding the evidence presented to be inadequate to prove the requisite elements. Mr. Coffman petitioned for review to the MSPB, which was denied, making the decision of the ALJ the final MSPB decision. Mr. Coffman then sought *de novo* judicial review of the MSPB decision by filing this action.

The USDA moved to dismiss this action for lack of subject matter jurisdiction pursuant to FED.R.CIV.P. 12(b)(1). It argued that because the MSPB had "eliminated" Mr. Coffman's unlawful employment discrimination claims, the

---

[1]After initiating his appeal with the MSPB, Mr. Coffman filed a complaint with the Equal Employment Opportunity (EEO) office of the USDA, alleging the same claims of unlawful discrimination. In accordance with 29 C.F.R. § 1614.310(b), his EEO complaint was dismissed due to his election to pursue the claims before the MSPB. Mr. Coffman also filed an action in the United States District Court for the Western District of Oklahoma (Case No. Civ. 00-462-T) asserting the unlawful discrimination claims. Such action was dismissed as premature, given the pending MSPB appeal.

case was no longer a "mixed" case subject to *de novo* review by a federal district court. Instead, review of the MSPB decision fell within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit. The district court agreed. It dismissed and transferred the action to the United States Court of Appeals for the Federal Circuit.

When this appeal was initiated, this Court directed the parties to address its jurisdiction. After consideration of written arguments, we determined that this Court had jurisdiction to review the dismissal and transfer order of the district court.

## II. ISSUE PRESENTED AND STANDARD OF REVIEW

Review of a MSPB determination which does not involve claims of unlawful discrimination is conducted by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(d); 28 U.S.C. § 1295(a)(9); *see also Long v. United States Department of Air Force*, 751 F.2d 339, 342 n.2 (10th Cir. 1984); *Wall v. United States*, 871 F.2d 1540, 1542 (10th Cir. 1989), *cert. denied*, 493 U.S. 1019 (1990). However, when an appeal to the MSPB involves claims of unlawful discrimination related to or stemming from the employment action, it is considered a "mixed" appeal. 29 C.F.R. 1614.302(a)(1); *see Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993); *Williams v. Dept. of Army*, 715 F.2d 1485, 1488 (Fed.Cir. 1983); *Hill v. Dept of Air Force*, 796 F.2d 1469, 1470 (Fed.Cir.

1986); *McAdams v. Reno*, 64 F.3d 1137, 1141 (8th Cir. 1995). Review of MSPB determinations in "mixed" cases lies solely in a district court. *See* 5 U.S.C. § 7703(b)(2); *Williams*, 983 F.2d at 180; *Wells v. Shalala*, 228 F.3d 1137, 1143 (10th Cir. 2000).

The parties do not dispute that Mr. Coffman's proceeding before the MSPB was a "mixed" appeal. Instead, the issue presented is whether the case lost its "mixed" character by virtue of the ALJ's determination that Mr. Coffman failed to present sufficient evidence to prove his unlawful discrimination/retaliation claims. Because the resolution of this issue is determinative of the district court's subject matter jurisdiction, we review the underlying record *de novo*. *US West Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999), *cert. denied*, 528 U.S. 1106 (2000).

## III. ANALYSIS

### (A) Statutory Framework for Determination of Unlawful Discrimination Claims by Federal Employees.

The statutes[2] and implementing regulations that create the mechanism by which federal employees may assert claims of unlawful employment discrimination are complex and require careful attention by the employee.[3]

---

[2]Pub. L. No. 95-454, 92 Stat. 111 (codified as amended in various sections of 5 U.S.C. § 1201-1222).

[3]*See McAdams*, 64 F.3d at 1141.

Summarized briefly, the process allows a federal employee who asserts claims of unlawful discrimination in conjunction with a challenge to an adverse employment action to either file an EEO complaint with the employing agency or appeal directly to the MSPB.  5 U.S.C. § 7702(a); 29 C.F.R. 1614.302; 5 C.F.R. §§ 1201.151-1201.157.  Whichever action is taken first is considered an election to proceed in that forum.  29 C.F.R. § 1614.302(b).

The MSPB is authorized by 5 U.S.C. § 7702(a)(1)[4] to review both the

---

[4]    (a)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who--
(A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
(B) alleges that a basis for the action was discrimination prohibited by–
> (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
> (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
> (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
> (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
> (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,
the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

adverse action as well as the unlawful discrimination claims. The decision of the MSPB becomes a judicially reviewable action on the date it is issued. 5 U.S.C. § 7702(a)(3)(A).[5] The employee may obtain *de novo* review of the MSPB decision in a "mixed" appeal by filing an action in federal district court. 29 C.F.R.§ 1614.310(b); *see also Harms v. IRS*, 321 F.3d 1001, 1005 (10th Cir. 2003); 5 U.S.C. § 7703(b)(2)[6]; *Christo v. Merit Systems Protection Board*, 667 F.2d 882, 884 (10th Cir. 1981); *Williams*, 983 F.2d at 179; *Wall*, 871 F.2d at 1542-43; *Wells*, 228 F.3d at 114.

The rationale behind this statutory scheme is to promote uniformity in treatment of unlawful discrimination claims brought by federal employees relative to those brought by their private sector counterparts. *Christo*, 667 F.2d at 884-85, *citing to* S. REP. NO. 969, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.C.C.A.N. 2775, 2785. These statutes and regulations are designed to ensure that federal employees, just as private sector employees, after exhausting their administrative remedies, can seek *de novo* review of claims of unlawful employment

---

[5]    Any decision of the Board under paragraph (1) of this subsection shall be a judicially reviewable action as of . . . the date of issuance of the decision . . .

[6]    Cases of discrimination subject to the provisions of section 7702 of this title . . . must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702.

discrimination in a federal district court.

**(B) Did Mr. Coffman's case lose its "mixed" character by virtue of the ALJ's determination?**

There is no dispute, and the trial court properly found, that Mr. Coffman initiated a "mixed" appeal to the MSPB. The sole issue is whether the case lost its "mixed" character by virtue of the ALJ's determination that Mr. Coffman did not present sufficient evidence to prove his unlawful discrimination/retaliation claims.

The USDA relied upon the following cases before the trial court and again argues from them in this appeal: *Meehan v. U.S. Postal Service*, 718 F.2d 1069, 1073 (Fed.Cir. 1983); *Hill*, 796 F.2d at 1471; *Blake v. Dept of the Air Force*, 794 F.2d 170, 173 (5th Cir. 1986); *Ballentine v. Merit Systems Protection Bd*, 738 F.2d 1244, 1248 (Fed.Cir. 1984); *Stephens v. Connley*, 842 F.Supp. 1457, 1459 (M.D.Ga. 1994), *aff'd without opinion*, 48 F.3d 537 (11th Cir. 1995); *Bullock v. Widnall*, 1997 WL 1876544 (M.D.Ala. 1997).[7] The USDA asserts that these cases collectively stand for the proposition that an employee's failure to present evidence before the MSPB is considered an abandonment, waiver or elimination of an unlawful discrimination claim thereby extinguishing its "mixed" character.

---

[7]Due to the bifurcated scheme for review of MSPB decisions, the decisions from the Federal Circuit include factual findings on the issue of waiver or abandonment. In contrast, the opinion of the Fifth Circuit, like the matter at hand, involves appellate review of the district court's factual determination.

Mr. Coffman responds that these cases are factually distinguishable. He argues that he did not waive or abandon his claims before the MSPB. To the contrary, he presented evidence in support of the claims and, after assessing the evidence presented, the ALJ ruled against him.

For reasons stated more fully below, the cases cited by the USDA are not instructive. These cases do not define a standard for determining whether, after an MSPB appeal, a federal employee may pursue unlawful discrimination claims in district court. They provide only examples of MSPB appeals that lost their "mixed" character.

We believe that the proper standard to be applied is set forth in the thoughtful analysis of the Eighth Circuit Court of Appeals in *McAdams v. Reno*, *supra*, and the recent decision of this Court, *Harms v. IRS*, 321 F.3d 1001, 1007-1009 (10th Cir. 2003). Both decisions recognize that a federal employee must exhaust his or her administrative remedies in order to obtain *de novo* review of unlawful discrimination claims by a district court. *Harms*, 321 F.3d at 108-109; *McAdams*, 64 F.3d at 1141. This rule is consonant with the purpose of the Civil Service Reform Act and its implementing regulations. Federal employees, like private sector employees, can submit unlawful discrimination claims to a district court. Like their private sector counterparts,[8] federal employees also are required

---

[8]*See e.g.* 42 U.S.C. §2000e-5(f).

to exhaust applicable administrative remedies prior to seeking judicial review.

The administrative exhaustion requirement applies regardless of which administrative path the federal employee elects. If the employee chooses to go the EEO route, he or she simply files a complaint with the EEO department of the employing agency. 29 C.F.R. §§ 1614.105(a)(1), 1614.106(a) and 1614.108. The EEO officer then conducts an investigation and comes to a conclusion. The employee can then file an appeal to the EEOC and thereafter proceed to federal court, without the obligation to present evidence to an ALJ in order to exhaust his or her administrative remedies. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§1614.401 and 1614.407. If the employee chooses to appeal to the MSPB, however, the employee will have a hearing at which he or she must raise his or her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy. *McAdams*, 64 F.3d at 1142-44; *Williams*, 983 F.2d at 180; *Chaney v. Rubin*, 986 F. Supp. 516, 522 (N.D. Ill. 1997).

Because exhaustion of remedies is the analytical touchstone, the instructive value of the decisions cited by the USDA is diminished. Such cases merely offer illustrations of circumstances in which exhaustion did not occur. Several reflect circumstances where the employee initially asserted unlawful discrimination claims before the MSPB, but later failed to present evidence in support of such

claims.[7]  In such circumstances, courts utilized the concepts of "waiver" and

"abandonment" to describe the legal effect of the employee's failure to present

evidence.[8]  Although these cases reach a consistent result– that an employee who

waives or abandons a discrimination claim at the administrative level fails to

sufficiently exhaust that claim to permit district court review– on the facts

presented, they fail to apply the overarching test of exhaustion that we now

announce.

    This case demonstrates the confusion that can result when specific factual

determinations, such as in the cases cited by the USDA, are used to generate a

broader rule.  The trial court concluded that Mr. Coffman's claims of

discrimination had been "eliminated" from his case by the ALJ's determination

---

[7]In *Meehan*, *Blake and Bullock*, the employee expressly waived discrimination claims and declined to present evidence on them.  In *Stephens*, the employee simply failed to present evidence at the time of the evidentiary hearing.  In *Hill*, no evidence was presented because the ALJ dismissed the discrimination claims for facial insufficiency. In *Ballentine*, no determination was made with regard to presentation of evidence. Instead, the MSPB determined that it lacked jurisdiction because the appeal was premature and such determination was affirmed.

[8]At some point in the repetitive citation of this line of authority, the phrase "elimination of a claim" was introduced, apparently as an alternative for the concepts of waiver or abandonment.  Unfortunately, the phrase "elimination of a claim," unlike terms like "waiver" and "abandonment," has no intrinsic legal meaning.  "Elimination of a claim" could conceivably describe a wide variety of mechanisms by which a claim is removed from an action, including dismissal, waiver, abandonment, and even adjudication on the merits.  The vagueness and breadth of the phrase "elimination of a claim" is the apparent source of the confusion that befell the district court in this action.

that he presented insufficient evidence to support them. The thorough, 31-page, decision by the ALJ reflects, however, that Mr. Coffman vigorously pursued his unlawful discrimination claims in the evidentiary hearing. Mr. Coffman testified that he was able to perform his duties, that he did not suffer any medical/mental problems, that the agency's characterization of him as mentally disabled was unjustified, and that he was terminated at age 62 in reprisal for having filed prior age discrimination complaints and for whistle-blowing activities. He offered descriptions of events and motivations for the agency's decision to terminate which conflicted with that of other witnesses, notably the expert witness testimony of Dr. John Call, the clinical and forensic psychologist called by USDA. Mr. Coffman also called witnesses on his own behalf: Debra McAlister, Donna Ward and Sam Cameron.

The mere length and extensive detail of the opinion belies the argument that Mr. Coffman failed to present any evidence. After considering the conflicting evidence, the ALJ assessed the credibility of the witnesses,[9] made factual findings, and stated legal conclusions. For each claim of unlawful discrimination, the ALJ set forth the elements that Mr. Coffman was required to prove and considered the evidence, concluding that the evidence presented was

---

[9]He found employees Ward, McAlister, Cameron and Berryhill to be "credible but Mr. Coffman's testimony and perceptions [were] less credible than the testimony provided by the other RSO employees about the situation". Jt App. at 64.

deficient. It is unfortunate that the ALJ repeatedly referred to Mr. Coffman's failure to prove a "*prima facie*" case. Such language suggests that the ALJ was considering the facial sufficiency of the allegations. *See e.g. Costa v. Desert Palace, Inc.*, 299 F.3d 838, 854-55 (9th Cir. 2002) (*McDonnell-Douglas* burden-shifting analysis is merely a tool to assess the sufficiency of a claim prior to trial on the merits). But reviewing the opinion as a whole, it is clear that the ALJ was not simply assessing the sufficiency of Mr. Coffman's pleadings. He was, instead, determining Mr. Coffman's unlawful discrimination claims on their merits.

Although the ALJ concluded that Mr. Coffman had not proved his claims, and therefore the claims were effectively "eliminated," such determination is not synonymous with a failure to exhaust administrative remedies. Mr. Coffman fully exhausted his administrative remedies in the MSPB appeal process. He was required to plead and present evidence in support of his unlawful discrimination claims, which he did. However, he was not required to prevail on such claims in order for the case to remain a "mixed case" subject to *de novo* review.

We therefore conclude that the federal district court has subject matter jurisdiction to consider Mr. Coffman's unlawful discrimination claims. The district court's order of dismissal and transfer is **REVERSED,** and the matter is **REMANDED** for further proceedings.