**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANJANA A. DOSSA,

      Plaintiff-Appellant,

v.

MICHAEL W. WYNNE, Secretary,
Department of Air Force,

      Defendant-Appellee.

No. 07-3284

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 06-cv-01263-JTM-DWB)**

---

Submitted on the briefs:[*]

Anjana A. Dossa, Pro Se.

Eric F. Melgren, United States Attorney, Connie R. DeArmond, Assistant United States Attorney, Wichita, Kansas, for Defendant-Appellee.

---

Before **MURPHY**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Anjana A. Dossa was discharged from her civilian position at McConnell Air Force Base. She appealed the decision to the Merit System Protection Board (MSPB) and received a hearing before an administrative judge (AJ) on her claims of wrongful discharge, gender and national-origin discrimination, and retaliation for filing an earlier discrimination charge. The AJ denied her claims. Her appeals to the MSPB and then to the Equal Employment Opportunity Commission (EEOC) were unsuccessful, so Ms. Dossa filed suit in federal district court. After the district court determined that Ms. Dossa had failed to exhaust her administrative remedies on her gender and national-origin discrimination claims, it dismissed her retaliation claim for lack of jurisdiction over that type of claim alone.[1] The court later denied Ms. Dossa's request for reconsideration. She appeals. We reverse the district court's ruling that Ms. Dossa failed to exhaust her administrative remedies, and we hold that the court had jurisdiction over her retaliation claim. Consequently, we remand for further proceedings.

---

[1] To the extent Ms. Dossa challenged the agency termination action, the district court did not resolve it. Ms. Dossa does not raise this as an issue on appeal, so we do not address it. *See Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (declining to address cursory claim unsupported by analysis and case law).

*Background*

Ms. Dossa was employed in a civilian position as an Engineering Flight Commander at McConnell Air Force Base. In April 2003, she received a poor performance evaluation. In July, she filed a discrimination charge based on her Indian national origin. Due to her continuing performance problems, she was placed on a performance improvement plan (PIP). When she failed to meet the requirements of the PIP, she was discharged on June 18, 2004.

The AJ held a two-day hearing. Ms. Dossa's supervisors testified about her job performance, and her direct supervisor stated that the decision to discharge her was based only on her performance, not on her gender or national origin. Ms. Dossa's witness, a member of her former staff, testified about her work pressures. Ms. Dossa also testified. She described her difficult employment situation during the relevant period, including a lack of support from her superiors; a group of subordinates who were inexperienced, uncooperative, and disrespectful; a heavy work load; inadequate or no overtime pay; inadequate or no leave time; and a belief that her performance was being sabotaged. She asserted that her supervisors made her employment situation difficult due to discrimination based on her gender and national origin. The AJ held that she had "simply presented no evidence in support of [those] claims." Aplee. Supp. App. at 63. The AJ also determined that Ms. Dossa had failed to carry her burden to demonstrate that she was discharged in retaliation for her prior EEO activity. In

-3-

denying her appeals, neither the MSPB nor the EEOC provided additional analysis.

The district court granted defendant's motion to dismiss for lack of jurisdiction, concluding that Ms. Dossa had failed to exhaust her administrative remedies with respect to her discrimination claims. The court further held that it had no jurisdiction over a retaliation claim standing alone, so it dismissed that claim. Ms. Dossa sought reconsideration, which the district court denied.

On appeal, Ms. Dossa challenges the district court's ruling that she presented no evidence to support her gender and national-origin discrimination claims and therefore failed to exhaust her administrative remedies. She also appeals the district court's order holding that it lacked jurisdiction over her claim of retaliation based on protected activity. Finally, she seeks review of the order denying reconsideration.

*Legal Framework*

"We review the district court's order dismissing the case for lack of subject matter jurisdiction de novo." *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007). The issue whether a plaintiff has exhausted her administrative remedies is a legal question that we also review de novo. *Harms v. IRS*, 321 F.3d 1001, 1009 (10th Cir. 2003).

Federal employees, like employees of private concerns, must exhaust the applicable administrative remedies before seeking judicial review. *Coffman v.*

*Glickman*, 328 F.3d 619, 624 (10th Cir. 2003). A federal employee may exhaust administrative remedies either by filing a complaint with the EEO department of the employing agency or by proceeding to the MSPB. *Id.* "If the employee chooses to appeal to the MSPB . . . [he or she] will have a hearing at which he or she must raise his or her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy." *Id.*.[2]

*Discrimination Claims - Failure to Exhaust*

Ms. Dossa testified at length at the AJ hearing about the reasons she was unable to meet the requirements of the PIP, alleging that the PIP was created to ensure her failure so her employer could discharge her because of her gender and national origin. She asserted that she spoke with an accent and her subordinates used that as an excuse not to understand her. In her supporting documents she related her belief that her subordinates' criticism of her management style was really a cultural difference. She also claimed that a rumor was spread that she treated others like a bossy, rich Indian would treat the poor. Aplt. App. at 67-69, 73. In addition, Ms. Dossa proffered the names of two other employees, both males, who she contends were treated more favorably than she, and she maintains that their more favorable treatment establishes discrimination.

---

[2]     As noted above, after the MSPB denied review, Ms. Dossa appealed to the EEOC, which she was not required to do to exhaust administrative remedies. *See Harms*, 321 F.3d at 1009 n.3 (citing 29 C.F.R. §§1614.303, 1614.310).

In *Coffman*, this court explained the difference between a waiver or abandonment of claims and the situation where a plaintiff presents evidence of discrimination and affirmatively litigates a claim but ultimately loses on the merits. *Coffman*, 328 F.3d at 623-25. There, the plaintiff described "events and motivations for the agency's [employment] decision" to contradict the employer's witnesses' testimony. *Id.* at 625. He also called three witnesses on his own behalf. *Id.* Moreover, the AJ considered the conflicting evidence, weighed credibility, found facts, and reached legal conclusions. *Id.* Therefore, without deciding the merits of the employee's claims, we rejected the employer's argument that the federal employee had failed to exhaust his administrative remedies. *Id.* at 625.

Similarly, Ms. Dossa presented evidence about her working conditions and the reasons for her claim that she was discriminated against due to gender and national origin. Although the AJ in Ms. Dossa's case concluded that she had presented no evidence of discrimination, Aplee. Supp. App. at 63, our discussion above demonstrates that Ms. Dossa did present some evidence of discrimination. The AJ was free to find it insufficient, but he was not free to equate insufficiency of evidence with abandonment or waiver. *See Coffman*, 328 F.3d at 625. Unlike a claimant who failed to comply with the exhaustion requirements, such as cooperating with the investigating agency, *see McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002), Ms. Dossa's pursuit of her

discrimination claims throughout the administrative process constituted exhaustion.

Because Ms. Dossa exhausted her administrative remedies, the district court erred in dismissing her discrimination claims. Therefore, we remand for the district court to consider them. On remand, Ms. Dossa is entitled to "a *de novo* 'civil action' equivalent to that enjoyed by private-sector employees" on these claims. *Chandler v. Roudebush*, 425 U.S. 840, 863 (1976); *accord Blondo v. Bailar*, 548 F.2d 301, 304 (10th Cir. 1977). "Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial *de novo*." *Chandler*, 425 U.S. at 863 n.39.

*Retaliation Claim - Jurisdiction*

After it dismissed the discrimination claims, the district court concluded that it had no jurisdiction over Ms. Dossa's retaliation claim alone. Even though we have held that the discrimination claims were dismissed in error, thus removing the rationale for finding no jurisdiction over the retaliation claim, the question could arise on remand. Accordingly, we determine the court's jurisdiction over the retaliation claim.

In finding a failure of jurisdiction, the district court reasoned that because the statute authorizing its jurisdiction over a federal employee's mixed case, 5 U.S.C. § 7703(b)(2), applies to discrimination cases filed under 42 U.S.C. § 2000e-16(c), and because retaliation claims are covered by a different statute,

-7-

42 U.S.C. § 2000e-3, the statutes did not confer jurisdiction over the retaliation claim. Upon examination of the relevant law, however, we conclude that the district court had jurisdiction over the retaliation claim.

The district court correctly noted that § 7703(b)(2) authorizes a federal employee to file suit under § 2000e-16(c) for discrimination referred to in § 2000e-16(a), based on race, color, religion, sex, or national origin.[3] Subsection (c) further states that an employee may file a civil action "as provided in section 2000e-5 of this title." 42 U.S.C. § 2000e-16(c). Pursuant to § 2000e-5, an employee shall not be reinstated if she was discharged "for any reason other than discrimination on account of race, color, religion, sex, or national origin *or in violation of section 2000e-3(a) of this title*." 42 U.S.C. § 2000e-5(g)(2)(A) (emphasis added). In turn, § 2000e-3(a) prohibits discrimination against an employee for opposing a discriminatory employment practice or because she made a charge of discrimination. 42 U.S.C. § 2000e-3(a). Therefore, Title VII includes retaliation claims and § 7703(b)(2) authorizes judicial review of them.

Other authorities support this view. Circuit courts, including this one, have addressed the merits of retaliation claims asserted by federal employees in similar contexts. In *Williams v. Rice*, 983 F.2d 177, 180-81 (10th Cir. 1993), after dismissing the plaintiff's discrimination claim for failure to exhaust

---

[3] Section 7703(b)(2) also authorizes judicial review of discrimination claims based on the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a(c), and the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b).

administrative remedies, this court affirmed the district court's determination that he had not established a prima facie case of retaliation. The *Williams* court did not address specifically its jurisdiction over the retaliation claim, but regarded the plaintiff's retaliation claim as a discrimination claim under Title VII. *Id.* at 179.

Similarly, the Eleventh Circuit affirmed a district court's determination that a federal-employee plaintiff failed to establish a prima facie case of Title VII retaliatory discharge. *Doyal v. Marsh*, 777 F.2d 1526, 1533-35 (11th Cir. 1985). The District of Columbia Circuit analyzed whether a federal-employee plaintiff had waived his Title VII claim and noted that "retaliation under § 2000e-3(a) is explicitly characterized as a discrimination claim." *Smith v. Horner*, 846 F.2d 1521, 1524 (D.C. Cir. 1988).

In addition, the applicable section of the Code of Federal Regulations states that the general policy of the United States Government prohibits employment discrimination "because of race, color, religion, sex, national origin, age or handicap," or for "opposing any practice made unlawful by [T]itle VII," the ADEA, the Equal Pay Act, or the Rehabilitation Act. 29 C.F.R. § 1614.101(a), (b).

Finally, nothing in the legislative history of the legislation authorizing judicial review of federal employees' discrimination claims indicates that Congress intended to exclude retaliation claims. Both the Senate and House Reports refer to "discrimination" generally, and the Senate Report specifies the

anti-discrimination law as Title VII.  S. Rep. No. 95-969, at 56-57 (1978); H.R. Rep. No. 95-1717, at 140 (1978) (Conf. Rep.).

Accordingly, we hold that the district court erred in concluding that it lacked jurisdiction over Ms. Dossa's retaliation claim.  On remand, the district court should consider this claim, as well, granting Ms. Dossa a de novo civil action.  *Chandler*, 425 U.S. at 863.

*Denial of Reconsideration*

Given our decision to remand Ms. Dossa's claims for consideration of the merits, we need not address her challenge to the order denying reconsideration.

*Conclusion*

We REVERSE the district court's judgment dismissing the discrimination claims for failure to exhaust administrative remedies and dismissing the retaliation claim for lack of jurisdiction, and we REMAND for further proceedings consistent with this opinion.