FILED
United States Court of Appeals
Tenth Circuit

March 12, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

QFA ROYALTIES, LLC,

        Plaintiff - Appellee,

v.

DANIEL P. KLAHN, SR.,

        Defendant - Appellant,

and

WG COMPANIES, LLC., a dissolved
California limited liability company,

        Defendant.

No. 13-1481
(D. Colorado)
(D.C. No. 1:13-CV-02853-LTB)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

_____

        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Daniel P. Klahn, Sr., appearing pro se, filed a complaint (labeled "Notice of Motion and Motion to Vacate and Set Aside Final Judgment," Aplt. App. at 3) in the United States District Court for the District of Colorado to vacate and set aside a Colorado state-court order confirming an arbitration award and judgment in favor of QFA Royalties LLC (QFA). The district court dismissed the action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Mr. Klahn appealed and we affirm the district court's dismissal.

Mr. Klahn entered into a franchise agreement with QFA to operate a Quiznos franchise in California. Disputes arose between the parties. They were submitted to arbitration and QFA prevailed. The arbitration award was confirmed by a Colorado state court. After failing in other attempts to overturn the state-court judgment, Mr. Klahn initiated the present proceeding to vacate the judgment.

"We review the district court's order dismissing the case for lack of subject matter jurisdiction de novo." *Dossa v. Wynne*, 529 F.3d 911, 913 (10th Cir. 2008) (internal quotation marks omitted). We hold that the district court properly dismissed Mr. Klahn's complaint under the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Mr. Klahn is seeking a federal district-court order setting aside a state-court judgment. But "*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th

2

Cir. 2012).  Mr. Klahn may be correct in his criticisms of the state-court proceedings.

But he cannot obtain relief here.

We AFFIRM the dismissal for lack of jurisdiction and DENY Mr. Klahn's motion

to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge