**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BILL GUINN,

     Plaintiff - Appellant,

v.

FARMERS INSURANCE COMPANY,
(Farmers Insurance Group), All Unknown
Farmers Insurance Company Associates
and Agents' who are Actionable Parties
Involved with Plaintiff's Claims,

     Defendants - Appellees.

No. 13-1530
(D. Colorado)
(D.C. No. 1:13-CV-02116-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **MCKAY**, and **MATHESON**, Circuit Judges.

---

On August 7, 2013, Plaintiff Bill Guinn, proceeding pro se, filed a civil complaint

against Farmers Insurance Company and its agents and associates (Farmers) in the United

---

[*] After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

States District Court for the District of Colorado, alleging that Farmers should have covered property damage that he caused in a car accident. The magistrate judge ordered him to file an amended complaint within 30 days because he had not explained why the federal district court had jurisdiction to hear his case. Plaintiff filed a response that argued that he had properly asserted jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The district court dismissed his action without prejudice, holding that it did not have jurisdiction because "Defendants are not state actors and nothing Plaintiff asserts arises under federal law." Order of Dismissal at 2 (*Guinn v. Farmers Ins. Co.*, No. 13-cv-02116-BNB (D. Colo. Dec. 3, 2013). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review de novo a dismissal for lack of subject-matter jurisdiction. *See Dossa v. Wynne*, 529 F.3d 911, 913 (10th Cir. 2008). Federal courts must dismiss a federal claim for lack of subject-matter jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted).

The only basis for federal jurisdiction that Plaintiff asserts is his claim under 42 U.S.C. § 1983 that Farmers violated his constitutional rights. A claim under § 1983 must adequately allege deprivation of a constitutional right committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

2

conduct, no matter how discriminatory or wrongful." *Id.* at 50 (internal quotation marks omitted).

Plaintiff argues that Farmers is a state actor under § 1983 when it provides automobile insurance because of the Colorado law requiring drivers to carry such insurance. But the Supreme Court has "consistently held that the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Id.* at 52 (brackets and internal quotation marks omitted). Private insurers are not "held to constitutional standards unless there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.* (internal quotation marks omitted). No such nexus exists here. Because Farmers is a private insurer rather than a state actor, Plaintiff does not have a federal claim that can support § 1331 jurisdiction.

We AFFIRM the order of the district court. We DENY Plaintiff's motion to proceed *in forma pauperis* and his motion to amend his complaint.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3