**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRY BUSSEY,

      Plaintiff - Appellant,

v.

MARK T. ESPER, Secretary of U.S.
Department of Defense,

      Defendant - Appellee.

No. 19-2116
(D.C. No. 1:16-CV-00906-JCH-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Terry Bussey appeals from the district court's affirmance of a final decision

rendered by the Merit Systems Protection Board (MSPB) that itself affirmed

Bussey's termination from the Defense Threat Reduction Agency (DTRA).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

This appeal centers on Bussey's claim that the DTRA fired him in retaliation for his whistleblowing activities.  The district court found that he waived any argument that informal comments he made to his supervisor and his supervisor's boss about his supervisor's alleged malfeasance were protected disclosures under applicable whistleblower protection laws.  On appeal, Bussey claims he did not waive the argument.

Bussey worked for the DTRA as a logistics management specialist.  On August 15, 2015, Bussey filed a confidential complaint about his supervisor, Paul Collins, with the defense department's inspector general (IG).  The complaint alleged Collins engaged in widespread wrongdoing and mismanagement.  Collins did not find out about this complaint until after Bussey's termination.

On August 31, 2015, Collins issued Bussey the first of three proposed disciplinary actions that culminated with Collins's November 2015 recommendation that the DTRA terminate Bussey due to his "conduct unbecoming a federal employee, abusive language towards co-workers, failure to comply with leave procedures, lack of candor, and Absence Without Leave."  Aplt. App. Vol. 1 at 87.

Collins sent the proposals to his boss, Calvin Conger, for decision.  Bussey sent Conger responses that alluded to a conspiracy against him spearheaded by Collins.  He outlined several of Collins's alleged misdeeds, claiming he confronted Collins about some of these actions.  And he sought equal punishment for Collins, arguing that Collins's "unscrupulous and willful acts of mismanagement, waste,

2

fraud, [and] abuse of Tax payer's dollar[s] are far more critical than any acts confronting myself." *Id.* at 101. Bussey's responses also provided excuses for his actions but did not contest most of the offending facts as outlined by Collins.

Conger fired Bussey in January 2016. He noted: "[Y]ou alleged other acts of malfeasance on the part of Mr. Collins and others at DTRA. While I take these allegations seriously and will look into those allegations, I do not find them relevant to the misconduct that is alleged in the proposal memorandum and the allegations do not mitigate your own misconduct." *Id.* at 103. Conger did not know about the IG complaint Bussey had filed.

Bussey appealed his termination to the MSPB, claiming that it lacked factual support and stemmed from (1) race, color, and age discrimination, (2) retaliation for filing a prior equal opportunity employment (EEO) complaint and testifying in support of a former employee at a prior MSPB hearing, and (3) and reprisal for protected disclosures in violation of 5 U.S.C. § 2302.[1] With regard to his protected disclosures claim, the administrative law judge (ALJ) handling Bussey's appeal directed Bussey to "identify any and all protected disclosures . . . alleg[ed] to have contributed to the agency's action removing him" and warned Bussey that "any disclosures not clearly identified . . . will be deemed waived." *Id.* Vol. 2 at 262. Bussey's response identified only the IG complaint as his protected disclosure and

---

[1] Subject to exceptions not relevant here, the statute bars government employers from firing employees for disclosing "any violation of any law, rule, or regulation," "gross mismanagement, a gross waste of funds, [or] an abuse of authority," among other things. 5 U.S.C. § 2302(b)(8)(A)(i)–(ii).

3

argued that "[f]ollowing his submission of this 'whistleblower' memorandum, the acts of retaliation and reprisal . . . took place, culminating in [Bussey's] removal." *Id.* at 277.

The ALJ then issued a notice to inform the parties what information he expected them to include in their prehearing submissions and of his understanding of Bussey's affirmative defenses. In it, the ALJ noted that "the only affirmative defenses [he was] aware of" were Bussey's "claims of EEO discrimination and reprisal, reprisal for making a report to the [IG], and reprisal for testifying at a Board hearing." *Id.* at 281 (emphasis omitted). The ALJ informed the parties that "[a]ny additions, corrections, or objections to this notice must [b]e received by February 26, 2016[,] or be deemed waived." *Id.* at 280. Bussey did not file any additions, corrections, or objections to the notice.

Following the prehearing conference, the ALJ issued an order defining the scope of the evidentiary hearing. He again listed "reprisal for making a report to the [IG] on August 15, 2015," as one of Bussey's affirmative defenses but did not make mention of any reprisal for Bussey's other complaints about Collins. Aplee. Suppl. App. at 13. He clarified that the affirmative defenses he identified would be "the affirmative defenses to which the hearing will be limited." *Id.* (emphasis omitted). And he told the parties that "[a]ny additions, corrections, or objections to this order and summary must be received by March 4, 2016, or be deemed waived." *Id.* at 10. Bussey did not file any additions, corrections, or objections to the order.

4

The MSPB found that neither Collins nor Conger knew about the IG complaint before Bussey's termination. The MSPB therefore rejected Bussey's whistleblower claim along with his other claims.

Bussey filed a complaint in the district court challenging the MSPB's ruling.[2] There he argued for the first time that the DTRA fired him in retaliation for his informal comments to Collins accusing him of misdeeds and for reporting Collins's malfeasance to Conger. The district court found that Bussey waived this argument since he never raised it to the MSPB. The court went on to affirm the MSPB's decision on Bussey's whistleblower retaliation claim because substantial evidence supported the MSPB's finding that neither Collins nor Conger knew about the IG complaint before firing Bussey. This appeal followed.

## II. Discussion

"A MSPB decision must be upheld unless the reviewing court determines that it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993) (quoting 5 U.S.C. § 7703(c)).

---

[2] "Review of a MSPB determination which does not involve claims of unlawful discrimination is conducted by the United States Court of Appeals for the Federal Circuit." *Coffman v. Glickman*, 328 F.3d 619, 621 (10th Cir. 2003). "However, when an appeal to the MSPB involves claims of unlawful discrimination related to or stemming from the employment action, it is considered a 'mixed' appeal." *Id.* (quoting 29 C.F.R. § 1614.302(a)(1)). "Review of MSPB determinations in 'mixed' cases lies solely in a district court." *Id.* at 621–22.

Bussey first argues that in rejecting his whistleblower claim, the MSPB erred by failing to consider evidence he made protected disclosures to Collins and Conger. Yet Bussey concedes that before the MSPB, he "only submitted his report to the IG as his protected disclosure with regard to [his whistleblower] claim." Aplt. Br. at 10–11. Because Bussey did not argue to the MSPB that any disclosures beyond those made to the IG warranted application of whistleblower protection laws, we decline to review his claim of error. *See, e.g.*, *Sistek v. Dep't of Veterans Affairs*, 955 F.3d 948, 953 n.1 (Fed. Cir. 2020) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court." (internal quotation marks omitted)); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("It is a fundamental principle of administrative law that an agency must have the opportunity to rule on a challenger's arguments before the challenger may bring those arguments to court."); *Micheli v. Dir., Office of Workers' Comp. Programs*, 846 F.2d 632, 635 (10th Cir. 1988) ("[A] reviewing court will refuse to consider contentions not presented before the administrative proceeding at the appropriate time." (internal quotation marks omitted)).

Bussey next argues the MSPB erred by finding that he waived his argument that Conger fired him in retaliation for his comments to and about Collins. But since Bussey never raised this argument, the MSPB never made any ruling on it—including finding that Bussey waived it. To the extent Bussey is arguing that the MSPB lacked legal authority to narrow the issues to those raised by the parties, we reject this argument. *See* 5 C.F.R. § 1201.24(b) ("An appellant may raise a claim or defense not

6

included in the appeal at any time before the end of the conference(s) held to define the issues in the case. An appellant may not raise a new claim or defense after that time, except for good cause shown."); *Stearn v. Dep't of the Navy*, 280 F.3d 1376, 1381 (Fed. Cir. 2002) (holding MSPB erred by reaching an issue sua sponte that a party "failed to affirmatively plead, and thus waived").

### III. Conclusion

We affirm the district court's final judgment dismissing Bussey's claims.

Entered for the Court


Carolyn B. McHugh
Circuit Judge