**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JANET MARTIN,

    Plaintiff - Appellant

v.

OFFICE OF PERSONNEL
MANAGEMENT; SOCIAL SECURITY
ADMINISTRATION,

    Defendants - Appellees.

No. 23-1230
(D.C. No. 1:22-CV-02088-DDD-NRN)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Janet Martin filed a complaint alleging underpayment of benefits by the Office

of Personnel Management (OPM) and the Social Security Administration (SSA).  A

magistrate judge recommended the district court dismiss her claims.  The district

court followed the recommendation, dismissed the action without prejudice, and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied Ms. Martin's request for post-judgment relief.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Ms. Martin alleges she worked for the National Park Service for thirty years, and that her deceased husband was also a federal employee.  She claims she was eligible to receive retirement benefits at age 55 but OPM told her she could not apply until she was 65.  She further alleges OPM has miscalculated her benefits and paid her less than she is due, both from her own retirement benefits and from her husband's annuity.  And she claims SSA has miscalculated her widow's insurance benefits and wrongly sought to recover an overpayment of those benefits.

## II.

As to Ms. Martin's claims against OPM, the magistrate judge concluded that the "exclusive procedure[s]" established by statute require beneficiaries like Ms. Martin to "pursue retirement benefits claims first at OPM, then at [the Merit Systems Protection Board (MSPB)], and finally at the [United States Court of Appeals for the] Federal Circuit."  R. vol. 1 at 132–33 (quoting *Rodriguez v. United*

---

[1] Ms. Martin did not file an amended notice of appeal after the district court denied her request for post-judgment relief.  The time for filing a notice of appeal or an amended notice of appeal from that denial has now expired.  Accordingly, we do not address the denial of her request for post-judgment relief.  *See* Fed. R. App. P. 4(a)(4)(B)(ii) (requiring party to timely file a notice of appeal or amended notice of appeal to challenge an order disposing of post-judgment motions); *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1159–60 (10th Cir. 2023) (holding the court lacked jurisdiction to review the denial of post-judgment relief because the appellant had not filed a new or amended notice of appeal to challenge that ruling).

*States*, 852 F.3d 67, 83 (1st Cir. 2017)); *see also* 5 U.S.C. § 8347(b), (d)(1); 5 U.S.C. § 8461(c), (e)(1); 28 U.S.C. § 1295(a)(9).  He therefore concluded the district court did not have jurisdiction over Ms. Martin's claims against OPM.

The magistrate judge also found Ms. Martin had not exhausted SSA's procedures for seeking administrative relief before she filed this lawsuit.  He observed that 42 U.S.C. § 405(g) only allows a federal court to review a "final decision" made by SSA "after a hearing."  R. vol. 1 at 134; *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975) (stating "a final decision" is one of the "requirements for judicial review" under § 405(g)).  He found the actions Ms. Martin challenges are only initial determinations under SSA's regulations and observed she had asked SSA to reconsider its determination after filing this case.  Because SSA had not made a final decision, the magistrate judge concluded the district court did not have jurisdiction over her claims against SSA.

The district court adopted the recommendation.  It dismissed Ms. Martin's claims and the action without prejudice for lack of jurisdiction.

## III.

### A.

We review the dismissal of Ms. Martin's complaint de novo.  *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020).  We review any findings of jurisdictional facts for clear error.  *Id.*

Because Ms. Martin is pro se, her "pleadings are to be construed liberally and held to a less stringent standard" than those filed by lawyers.  *Garrett v. Selby*

3

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). We "make some allowances" for "failure to cite proper legal authority," "confusion of various legal theories," or "unfamiliarity with pleading requirements." *Id.* But we "cannot take on the responsibility of serving as [her] attorney in constructing arguments," and will not "assume the role of advocate." *Id.* (internal quotation marks omitted). Even as a pro se party, Ms. Martin must "explain to us why the district court's decision was wrong." *GeoMetWatch Corp. v. Behunin*, 38 F.4th 1183, 1213 (10th Cir. 2022) (internal quotation marks omitted).

**B.**

In this appeal, Ms. Martin argues the merits of her claims, claiming OPM and SSA have wrongly reduced her monthly payments, "concealed" past earnings, "short-changed" her, and "embezzle[d]" her benefits. *See* Aplt. Opening Br. at 1. Several pages of her brief list her and her husband's annual wages and offer other information about her work history. She also includes facts related to her circumstances, including financial and medical hardships she has experienced.[2]

To the extent Ms. Martin argues based on facts she did not present to the district court, "[w]e generally limit our review on appeal to the record that was before the district court when it made its decision." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). But in any event, Ms. Martin has not shown any way that the district court's decision was wrong. She argues reasons why she believes her

---

[2] As the district court ruled, to the extent Ms. Martin alleges wrongdoing by entities not named as defendants, those claims cannot proceed in this case.

claims are correct.  But the district court did not decide whether or not her claims are correct.  Instead, it ruled that it lacked jurisdiction to resolve those claims or to grant her relief in this case.  Reviewing de novo, we agree with its decision.

As the district court recognized, claims for federal retirement benefits must be pursued first with OPM, 5 U.S.C. §§ 8347(b), 8461(c); then by appeal to the MSPB, §§ 8347(d), 8461(e); then in the Federal Circuit, 28 U.S.C. § 1295(a)(9).  *See Rodriguez*, 852 F.3d at 83.  This "hybrid administrative and judicial regime is the *exclusive* process for challenges to OPM's calculation of . . . retirement benefits, thereby *displacing district court review*."  *Fed. L. Enf't Officers Ass'n v. Ahuja*, 62 F.4th 551, 558 (D.C. Cir. 2023) (emphasis added).  We therefore affirm the district court's ruling that it lacked jurisdiction to resolve Ms. Martin's claims against OPM.[3]

We also affirm the conclusion that SSA has not made a final decision that could be reviewed in this case.  Ms. Martin does not claim there has been a decision by either an SSA administrative law judge (ALJ) or the SSA's Appeals Council that

---

[3] A federal employee who brings a claim "of unlawful discrimination related to or stemming from [an] employment action," may seek review of an MSPB decision in district court, after exhausting administrative remedies.  *Coffman v. Glickman*, 328 F.3d 619, 621, 622, 624 (10th Cir. 2003) (citing 5 U.S.C. §§ 7702(a), 7703(b)(2) and 29 C.F.R. § 1614.310(b)).  Although Ms. Martin's complaint states she was subject to discrimination, we agree with the district court that her statements are too conclusory to show OPM discriminated against her.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (stating courts "disregard conclusory statements" when deciding if a complaint plausibly alleges discrimination).  These claims therefore could not proceed in district court, even if they were administratively exhausted.

the district court could have reviewed. *See Smith v. Berryhill*, 587 U.S. 471, 476 (2019) (stating a claimant generally "must seek review of [an] ALJ's decision by the Appeals Council" before seeking judicial review). She also does not dispute that she requested reconsideration by SSA after she filed this case. We therefore see no error in the district court's finding that Ms. Martin did not exhaust the SSA's procedures for administrative relief before she filed this case. Accordingly, we affirm the dismissal of Ms. Martin's claims against SSA for lack of jurisdiction. *See* § 405(g); *Salfi*, 422 U.S. at 763; *Smith*, 587 U.S. 475 (stating judicial review is available "only under the terms of § 405(g)").[4]

### III.

We affirm the judgment of the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[4] Section 405(g) includes both "a 'jurisdictional' requirement that claims be presented to the agency," and "a waivable requirement that the administrative procedures prescribed by [SSA] be exhausted." *Smith*, 587 U.S. at 478 (internal quotation marks and ellipsis omitted). The second requirement is "nonjurisdictional" and may be "excused by the courts." *Id.*

Liberally construing Ms. Martin's filings, we might infer that she is asking us to excuse her failure to exhaust SSA's administrative procedures. But we decline to do so. The SSA proceedings may still provide Ms. Martin with relief. And they will, at the least, clarify the underlying facts if SSA does reject her claims in a final decision.