FILED
United States Court of Appeals
Tenth Circuit

June 26, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DANIEL TEUFEL,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

No. 14-9598
(Nos. MSPB-1: DE-1221-12-0151-W-3
& DE-1221-13-0193-W-1)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

Daniel Teufel, proceeding pro se,[1] petitions for review of the final order of the

Merit Systems Protection Board ("MSPB") rejecting his claim that his governmental

employer revoked his security clearance in retaliation for whistleblowing. Exercising

jurisdiction under 5 U.S.C. § 7703(b), we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Teufel's pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I

Teufel was employed by the Department of the Army ("Army") as a civilian Physical Science Technician at the Dugway Proving Ground in Utah ("Dugway"). He was required to maintain a security clearance as a condition of his employment. Teufel asserts that he reported fraud, waste, and abuse by Army personnel in 2006 and 2011. He claims that in 2011 his supervisor retaliated by requiring him to submit to a psychological examination to evaluate his fitness for duty. He was evaluated by Dr. David McCann. Based on Dr. McCann's report, the Army revoked Teufel's security clearance, placed him on indefinite suspension, and ultimately discharged him.

Teufel filed two complaints with the Office of Special Counsel. In the first complaint, he alleged he was referred for a psychological fitness-for-duty evaluation in reprisal for protected whistleblower activity. See § 2302(b)(8)(A)-(B) (prohibiting retaliation for reporting legal violations, gross mismanagement, gross waste of funds, abuse of authority, or danger to the public). In the second complaint, he alleged denial of his due process rights because the Army had not provided him advance notice of all of the evidence it would present to the MSPB, and his Sixth Amendment right to confront his accusers because a hostile witness provided information that led the Army to order the psychological evaluation. He also sought to present new evidence to the MSPB. The two complaints were consolidated for consideration by an administrative judge, who denied relief. On review, the MSPB ruled that: (1) the

-2-

decision to require Teufel to undergo psychological testing was unreviewable because it was intertwined with the agency's revocation of his security clearance; (2) Teufel's due process and Sixth Amendment claims were not properly brought in this type of proceeding; and (3) Teufel's new evidence was not admissible because he had not proven that it was previously unavailable. Accordingly, the MSPB denied relief.

**II**

We may set aside the MSPB's decision only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." § 7703(c).

On appeal, Teufel challenges the decision to revoke his security clearance.[2] "We agree with the [MSPB] that it lacked authority to review the Army's determinations regarding [Teufel's] security clearance." Hall v. U.S. Dep't of Labor, Admin. Review Bd., 476 F.3d 847, 851-52 (10th Cir. 2007). Decisions about security clearances are committed by law to the appropriate agency of the Executive Branch. Dep't of Navy v. Egan, 484 U.S. 518, 527 (1988). The substance of the

_____

[2] Teufel's opening brief characterizes the issue as a challenge to "the final order of removal and cancellation of [his] security clearance." But the decision to remove him was not included in the issues presented to the MSPB in these proceedings, so we do not address that decision. See Wallace v. Dep't of Air Force, 879 F.2d 829, 832 (Fed. Cir. 1989) ("Ordinarily, appellate courts refuse to consider issues not raised before an administrative agency."). For the same reason, we must reject Teufel's attempt to include a Title VII claim in this appeal.

underlying decision to deny or revoke a security clearance is beyond review. Hill v. Dep't of Air Force, 844 F.2d 1407, 1411 (10th Cir. 1988).

Moreover, "[t]he whistleblower protection laws passed by Congress do not alter the constitutional order, recognized in Egan, that gives the Executive Branch the responsibility to make national security determinations." Hall, 476 F.3d at 852. To the extent Teufel argues that we should review only the process for revoking his security clearance to discern retaliation, rather than the ultimate determination, we may not do so. "To review the circumstances under which the Army recommended revocation of [Teufel's] security clearance for evidence of retaliation is to review the basis of the determination itself, regardless of how the issue is characterized." Id. at 853.

Teufel also asserts that his Sixth Amendment right to confront his accusers was denied when the Army relied on statements by a hostile witness to justify ordering the psychological evaluation. We do not address this claim because the information on which the Army relied to make its security-clearance determination is closely intertwined with the merits of that determination, which we have held is unreviewable.

Finally, to the extent Teufel seeks review of the MSPB's decision not to receive new evidence, we, like the MSPB, may rely on any evidence in the record. We do not, however, normally consider evidence submitted for the first time on appeal. See Carter v. Chater, 73 F.3d 1019, 1022 n.3 (10th Cir. 1996). Given our

-4-

conclusion that the issues Teufel has pursued on appeal are unreviewable, any additional record evidence would appear to be irrelevant.

## III

The petition for review is **DENIED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge