FILED
United States Court of Appeals
Tenth Circuit

September 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL TEUFEL,

     Petitioner,

v.

DEPARTMENT OF THE ARMY,

     Respondent.

No. 15-9532
(MSPB No. DE-0752-12-0208-I-3)
(Petition for Review)

_____

**ORDER**
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Daniel Teufel, proceeding pro se, seeks review of a Merit Systems Protection

Board (MSPB) decision holding that his administrative appeal of the initial imposition of

an indefinite suspension from employment was untimely. The Department of the Army

has filed a motion to dismiss the petition for review, arguing that jurisdiction lies

exclusively in the Federal Circuit. In the alternative, the Army requests that the case be

transferred to the Federal Circuit. Mr. Teufel opposes the motion. We determine that

this court is without jurisdiction and dismissal is warranted.

**I.    Background**

Mr. Teufel was employed by the Army as a civilian Physical Science Technician

at the Dugway Proving Ground in Utah. The position required him to maintain a security

clearance. In February 2011, Mr. Teufel underwent a psychological fitness-for-duty

evaluation. Based on that evaluation, the Army proposed revoking his security clearance and suspended him in July 2011 pending an investigation of his suitability for a clearance. On September 11, 2012, the Army revoked Mr. Teufel's clearance. Eventually, on February 28, 2013, the Army terminated his employment.

Mr. Teufel appealed to the MSPB, challenging both the imposition and the length of his indefinite suspension. On initial review an administrative judge (AJ) noted that the appeal was filed 156 days too late to challenge the imposition of the suspension. The AJ directed Mr. Teufel to show cause for the late filing, but he did not respond, and the AJ ruled that the appeal was untimely without good cause. As for the length of his suspension, the AJ held that the Army had unreasonably delayed in effecting Mr. Teufel's termination after the final decision to revoke his security clearance on September 11, 2012. The AJ ordered the Army to reinstate Mr. Teufel retroactively from September 11, 2012, until his removal date of February 28, 2013. The Army complied by paying Mr. Teufel back pay for that period. Mr. Teufel appealed to the MSPB, which reviewed the AJ's findings and affirmed his order.

## II.    The Motion to Dismiss the Appeal

The Army has moved to dismiss the appeal for lack of subject-matter jurisdiction. Generally, the Federal Circuit has exclusive jurisdiction over appeals from the MSPB. *See* 5 U.S.C. § 7703(b)(1)(A); 28 U.S.C. § 1295(a)(9). There are two exceptions to the general rule. One grants jurisdiction to the district courts when certain discrimination claims are raised. *See Coffman v. Glickman*, 328 F.3d 619, 621-22 (10th Cir. 2003); *Williams v. Rice*, 983 F.2d 177, 179-80 (10th Cir. 1993). The other exception grants

2

jurisdiction to "any court of appeals of competent jurisdiction" for whistleblower claims during a specified five-year period. 5 U.S.C. § 7703(b)(1)(B). Because Mr. Teufel raised no whistleblower claims with the MSPB, we lack jurisdiction over this appeal.[1]

We have discretion to decide whether the appeal should be transferred to the Federal Circuit or dismissed. *See* 28 U.S.C. § 1631 (when a court determines that it lacks jurisdiction it "shall, if it is in the interest of justice, transfer such action or appeal to any other [court having jurisdiction]"); *Trujillo v. Williams,* 465 F.3d 1210, 1222-23 (10th Cir. 2006) ("Although . . . § 1631 contain[s] the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."); *Sunshine Haven Nursing Operations, LLC v. U.S. Dep't of Health & Human Servs.*, 742 F.3d 1239, 1257 (10th Cir. 2014) (§ 1631's authority to transfer or dismiss extends to federal district courts and circuit courts).

In deciding between transfer and dismissal, we consider "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). "[A] court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case

---

[1] Mr. Teufel raised in a different appeal a claim that his security clearance was revoked in retaliation for whistleblowing. *See Teufel v. Dep't of Army*, 608 F. App'x 705 (10th Cir. 2015).

3

which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted).

Applying these factors to Mr. Teufel's appeal, we first determine that his claims would be time barred if he attempted to refile in the Federal Circuit. A petition for review is due within 60 days of the date the MSPB issues a final decision. *See* 5 U.S.C. § 7703(b)(1)(A). Because the final MSPB decision in this case was issued on March 19, 2015, more than 60 days have elapsed. Accordingly, even though without prejudice, a dismissal will "have the practical effect of a dismissal with prejudice." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Although this factor weighs against dismissal, it should have been clear to Mr. Teufel that the Federal Circuit had exclusive jurisdiction under § 7703(b)(1)(A). The MSPB decision explicitly states that appeals are to the Federal Circuit, and the Army's motion to dismiss of April 20, 2015, warned him that filing in the Federal Circuit was required within 60 days of the MSPB's March 19, 2015 order. Mr. Teufel's pro se status does not excuse him from complying with jurisdictional requirements. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[P]ro se parties [must] follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)).

More importantly, it is clear that Mr. Teufel's appeal is without merit, so transferring it to the Federal Circuit would be a waste of judicial resources. The issue preserved for appeal is the MSPB's determination that Mr. Teufel failed to provide good

4

cause for his untimely challenge to the decision to suspend him indefinitely. Yet Mr. Teufel has not addressed the timeliness issue.

## III.    Conclusion

The Army's motion to dismiss is granted. The petition for review is dismissed without prejudice.

Entered for the Court


Harris L Hartz
Circuit Judge

5