**Vetra BLAKE, Plaintiff-Appellant,**

v.

**DEPARTMENT OF THE AIR FORCE,
Defendant-Appellee.**

No. 86–4024
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 11, 1986.
Rehearing Denied Aug. 6, 1986.

Louis Berry, Alexandria, for plaintiff-appellant.

Joseph S. Cage, Jr., U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, for defendant-appellee.

Before POLITZ, GARWOOD and E. GRADY JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Vetra Blake appeals the district court's dismissal of her appeal from a final decision of the Merit Systems Protection Board (MSPB) for want of subject matter jurisdiction. Finding no subject matter jurisdiction, we affirm.

#### Facts and Proceedings Below

On the morning of June 20, 1984, Vetra Blake, a civilian employed by the Air Force as a deputy accounting and finance officer at England Air Force Base, Louisiana, was notified by two of her subordinates that a cashier under her supervision had a $500 account shortage. Blake did not report this shortage to Lt. Sterling Moore, her supervisor, until approximately 2:00 p.m. that afternoon. Blake maintained that she needed additional time to conduct an investigation to determine if there was in fact a shortage. The government contended that Blake needed only a minimal amount of time to verify the shortage and that she deliberately concealed it. The government further alleged that Blake brought the shortage to Lt. Moore's attention only after she learned that he had been notified of it by other subordinates.

On November 22, 1984, the Air Force terminated Blake from her position. The grounds for her discharge were stated as deliberately concealing a material fact in connection with the cashier's fund shortage and withholding material facts in connection with a matter under official investigation.

After her termination, Blake appealed to the MSPB. She alleged, among other things, that the Air Force's treatment of her was, in part, racially motivated. A hearing was held on February 5, 1985. During a prehearing conference that day, Blake's counsel, Louis Berry, renewed his earlier request for a second continuance. The presiding official had already permitted the hearing to be continued from January 30 to February 5, based on the recent retention of Berry after the withdrawal of Blake's first attorney. Berry requested a further continuance so that he could familiarize himself with the facts and applicable procedures. The presiding official, however, refused to grant Berry's request and a motion to allow an interlocutory appeal, finding that insufficient cause was shown. During the hearing, there was conflicting testimony between Blake and her co-workers as to what actually occurred on June 20, 1984.

On March 15, 1985, the MSPB hearing officer affirmed the Air Force's determination and held that Blake had attempted to

conceal the $500 shortfall in the account. The hearing officer held that the government failed to prove its charge that Blake had withheld material facts in connection with the subsequent investigation. He also found that Blake had not presented any proof on her claim that her removal was racially motivated.

Following this decision, Blake filed a petition for appeal with the Dallas regional office of the MSPB and she alleged that the hearing officer's refusal to grant a second continuance was erroneous, and that the evidence was insufficient to support his findings. She did not raise an issue of racial discrimination. On August 7, 1985, the MSPB affirmed the hearing officer's decision. Subsequently, Blake filed this suit in the United States District Court for the Western District of Louisiana claiming that she was deprived of due process and equal protection under the Fifth Amendment. In her complaint to the district court, Blake did not allege racial discrimination. The district court granted the Air Force's motion for summary judgment and dismissed Blake's appeal for lack of subject matter jurisdiction. This appeal follows.

### Discussion

We must first determine whether the district court had jurisdiction to decide this case or whether exclusive jurisdiction was vested in the United States Court of Appeals for the Federal Circuit. We observe that 28 U.S.C. § 1295(a) provides that the Court of Appeals for the Federal Circuit shall have exclusive jurisdiction "of an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to section 7703(b)(1) ... of title 5." The Civil Service Reform Act of 1978 (codi-fied in scattered sections of Title V) provides that final decisions of the MSPB are generally reviewable in the Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1). This Act creates an exception for "[c]ases of discrimination." *Id.* § 7703(b)(2). Such cases include those in which an employee "alleges that a basis for the action was discrimination prohibited by ... section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16)...." *Id.* § 7702(a)(1)(B). These actions are to be filed under section 717C of the Civil Rights Act of 1964. *Id.* § 7703(b)(2). Consequently, Blake, to avoid the exclusive jurisdiction granted the Federal Circuit for most MSPB appeals, must have alleged that a basis for the action was racial discrimination, the only kind of section 7702 discrimination even potentially applicable in this case.

In *Williams v. Department of Army,* 715 F.2d 1485 (Fed.Cir.1983), the leading case in this area, the Court of Appeals for the Federal Circuit, after reviewing cases in this and other circuits, held that it lacked jurisdiction over an appeal of an MSPB decision when the appeal contained issues on both discrimination claims found in section 7702 and non-discrimination claims. Thus a case with "mixed" issues, as the *Williams* court termed it, cannot be heard by the Court of Appeals for the Federal Circuit because of a lack of jurisdiction. Such cases must first be heard in the district courts, and then appealed to the circuit court for the area in which the district court is located.[1] In a subsequent decision discussing the other side of the question presented in *Williams,* the Court of Appeals for the Federal Circuit held that it has exclusive jurisdiction when all discrimination claims have been

---

1. These cases in which the appeal presents both discrimination issues and other issues are called "mixed." *See Williams,* 715 F.2d at 1485 n. 3. Under section 7702, an employee may challenge an action on both non-discrimination and discrimination grounds, or solely on discrimination grounds. *Id.* (citing *Cristo v. Merit Systems Protection Board,* 667 F.2d 882, 884 n. 1 (10th Cir.1981)). Concerning review of these mixed cases, "'every court of appeals considering the issue of appropriate disposition of mixed cases has concluded that ... such cases must be treated as a unit and must first go to the district courts.'" *Williams,* 715 at 1489 (quoting *Hayes v. United States Government Printing Office,* 684 F.2d 137, 140–41 (D.C.Cir.1982)). We note that the *Williams* court cited with approval our decision in *Wiggins v. United States Postal Service,* 653 F.2d 219 (5th Cir.1981) (holding that bifurcated appeals on the merits of discrimination and non-discrimination claims were not possible under sections 7702, 7703) in its decision.

eliminated from the case. *Meehan v. United States Postal Service,* 718 F.2d 1069 (Fed.Cir.1983). *See also Ballantine v. Merit Systems Protection Board,* 738 F.2d 1244 (Fed.Cir.1984); *Wallace v. Merit Systems Protection Board,* 728 F.2d 1456 (Fed.Cir.1984); *Villela v. Department of Air Force,* 727 F.2d 1574, 1576 n. 1 (Fed.Cir.1984). We find that in the case before us any discrimination claim, to the extent one ever existed, was eliminated from the case and thus there is no subject matter jurisdiction.

We note that in Blake's initial appeal from the Air Force to the MSPB, she alleged that the decision to remove her was "racially motivated in part." However, at her initial MSPB hearing on February 5, 1985, Blake stated that racial discrimination was no longer an issue in the case, and it appears that she waived any allegations of discrimination.[2] Further, the record of the February 5th hearing contains no evidence of racial discrimination. The MSPB hearing officer specifically noted this in his March 15, 1985, decision. In neither her petition nor her reply brief to the MSPB for review of its hearing officer's March 15 decision did Blake ever mention or allege racial discrimination in any way respecting her removal. In her complaint filed in the district court, Blake again failed to raise or even mention racial discrimination. Given these facts, we find that racial discrimination was eliminated as an issue in this case at both the MSPB level and the district court level, and thus the district court had no subject matter jurisdiction to hear Blake's appeal of the MSPB decision. *See Meehan,* 718 F.2d at 1073–74. Accordingly, we find that the Court of Appeals for the Federal Circuit had exclusive jurisdiction in this case, and the district court's dismissal for want of subject matter jurisdiction was correct.

#### Conclusion

Having determined that any racial discrimination claim had been eliminated from this case, we affirm the district court's dismissal of this MSPB appeal for lack of subject matter jurisdiction.

AFFIRMED.

---

**2.** Captain John S. Chamblee, an Air Force Assistant Staff Judge Advocate and the Agency Representative in this case, stated in an affidavit that:

"At the initial hearing on 5 February 1985, it is my best recollection that the Presiding Official, Mr. Walter Orr, stated that the Appellant's appeal indicated that the Agency's removal of the Appellant constituted discrimination, on the basis of her race which is black. The Presiding Official then specifically asked the Appellant and her legal counsel, Mr. Louis Berry, whether they intended to pursue the issue of discrimination. Both the Appellant and Mr. Berry stated that they were not pursuing the issue of discrimination and they presented no evidence whatsoever, of discrimination."