Willie STEPHENS, Plaintiff,

v.

Michael B. CONNLEY, Defendant.

Civ. A. No. 93–303–3–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Feb. 1, 1994.

Robert E. Bergman, Warner Robins, GA, for plaintiff.

Frank L. Butler, III, Macon, GA, Lesa L. Carter, U.S. Air Force, General Litigation Div., Arlington, VA, for defendant.

## ORDER

OWENS, Chief Judge.

Before the court is defendant's motion to dismiss. After careful consideration of the

arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

### FACTS

On July 15, 1992, plaintiff Willie Stephens, a sheet metal mechanic at Robins Air Force Base, was found guilty by the United States Magistrate Judge for the Middle District of Georgia of unlawful sexual contact with a fellow employee. Two months later, on September 15, 1992, plaintiff received a Notice of Proposed Removal from his employment with Robins Air Force Base. The basis for the proposed removal was plaintiff's July 15, 1992 conviction.

On September 21, 1992, plaintiff filed an informal complaint with the Equal Employment Opportunity ("EEO") Office at Robins Air Force Base. Plaintiff alleged in the complaint that the basis for the removal action was his race. Plaintiff is a black male.

Plaintiff was removed from his employment on October 2, 1992. On October 16, 1992, plaintiff appealed the removal action to the Merit Systems Protection Board ("MSPB"). Because plaintiff elected to pursue his appeal before the MSPB, the EEO Office dismissed plaintiff's informal complaint.

On February 1, 1993, plaintiff filed a civil action in this court. In his complaint, plaintiff alleged that the basis for his termination was race discrimination. Because the appeal before the MSPB was still pending, defendant filed a motion to dismiss for failure to exhaust administrative remedies. On May 14, 1993, the court dismissed plaintiff's case.

In his appeal to the MSPB, plaintiff raised two issues: (1) Whether the removal action was reasonable; and (2) Whether the Air Force discriminated against defendant based on his race. On December 14, 1992, a hearing was held before an administrative judge. At the hearing, plaintiff offered no evidence that racial discrimination had played a role in the removal action. All of the evidence presented at the hearing concerned the reason-

ableness of plaintiff's removal as it related to plaintiff's July 15, 1992 conviction.[1]

On February 16, 1993, the administrative judge issued her decision. The administrative judge found that the removal of plaintiff from his employment was unreasonable and mitigated the penalty to a ninety-day suspension. In addition, the administrative judge found that plaintiff "did not offer any evidence in support of his claim that the agency took the removal action against him because of his race." Further, in a footnote to the decision, the administrative judge wrote: "The [plaintiff] originally alleged that the agency treated a white employee differently under similar circumstances. The [plaintiff] made the claim as evidence of racial discrimination.... The [plaintiff] subsequently abandoned the claim...."

The Air Force petitioned the MSPB for review of the administrative judge's decision. Plaintiff, however, did not appeal the decision of the administrative judge as it related to racial discrimination. On August 13, 1993, the MSPB reversed the mitigation decision of the administrative judge and reinstated the removal action. 58 M.S.P.R. 502.

On September 13, 1993, plaintiff filed a civil action in this court under 5 U.S.C. § 7703 and Title VII of the Civil Rights Act of 1964. Plaintiff asks this court to find that the actions of the MSPB were arbitrary and capricious, and an abuse of discretion. Further, plaintiff contends that his removal constituted unlawful race discrimination for which he is entitled to damages and injunctive relief. Subsequently, defendant filed a motion to dismiss for lack of subject matter jurisdiction.

### DISCUSSION

█ In general, "a petition to review a final order or final decision of the [Merit Systems Protection] Board shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(2)(b)(1). However, "[c]ases of discrimination subject

---

**1.** In fact, plaintiff's own testimony at the hearing concerned primarily the length of his government service and his prior work record. The only testimony relating to race was plaintiff's contention that he had received low work appraisals as a result of his race. Plaintiff did not, however, testify that the removal action resulted from racial discrimination.

to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)), ... as applicable." *Id.* § 7703(2)(b)(2). Therefore, the general rule of jurisdiction set forth in § 7703(2)(b)(1) is subject to the discrimination claim exception of § 7703(2)(b)(2). Accordingly, a petition for review of a discrimination claim must be filed in the appropriate district court as defined by the applicable law. *See id.* § 7703(2)(b)(2) Further, if the petition for review presents a "mixed" case, that is, a case that combines both discrimination and non-discrimination claims, the district court has jurisdiction to hear both claims. *See Barnes v. Small,* 840 F.2d 972, 979 (D.C.Cir.1988); *Romain v. Shear,* 799 F.2d 1416, 1420–21 n. 1 (9th Cir. 1986); *Blake v. Department of Air Force,* 794 F.2d 170, 172 (5th Cir.1986); *Ballentine v. Merit Systems Protection Board,* 738 F.2d 1244, 1245 (Fed.Cir.1984); *Williams v. Department of Army,* 715 F.2d 1485, 1487 (Fed. Cir.1983); *Christo v. Merit Systems Protection Board,* 667 F.2d 882 (10th Cir.1981).

Defendant moved this court to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Defendant asserts that jurisdiction is proper only in the Court of Appeals for the Federal Circuit in that plaintiff abandoned his discrimination claim in the proceedings before the MSPB. Plaintiff, however, contends that he preserved his discrimination claim in the proceedings before the MSPB and, therefore, jurisdiction is proper in this court.

■■■ Whether a party has properly presented a "mixed" claim sufficient to confer jurisdiction on a district court must be determined on a case-by-case basis. *Cf. Blake,* 794 F.2d at 173; *Meehan v. United States Postal Service,* 718 F.2d 1069, 1073–74 (Fed. Cir.1983). It is clear that a discrimination claim may be abandoned during MSPB proceedings. *See Ballentine,* 738 F.2d at 1247. There is no requirement, however, that the discrimination claim must be *explicitly* waived in order to find that the claim has been eliminated from the case. *Cf. Blake,* 794 F.2d at 173; *Meehan,* 718 F.2d at 1073– 74. The claim may be eliminated from the case either by explicit waiver or through the

actions, or inaction, of the petitioning party before the MSPB. *See Blake,* 794 F.2d at 173; *Meehan,* 718 F.2d at 1073–74. If this court determines that the discrimination claim has been eliminated, then the Court of Appeals for the Federal Circuit would have exclusive jurisdiction over plaintiff's case. *Blake,* 794 F.2d at 173; *Wallace v. Merit Systems Protection Board,* 728 F.2d 1456, 1458–59 (Fed.Cir.1984); *Meehan,* 718 F.2d at 1073–74.

In addressing the question of whether a claim of discrimination has been eliminated from a case, prior courts have examined a variety of factors. *Blake,* 794 F.2d at 173; *Meehan,* 718 F.2d at 1073–74. For example, did the petition to the MSPB adequately set forth a claim of discrimination? *Meehan,* 718 F.2d at 1073. Did the petitioner introduce evidence of discrimination before the MSPB? *Blake,* 794 F.2d at 173; *Meehan,* 718 F.2d at 1073. Did the petitioner raise the issue of discrimination when seeking review of the administrative judge's decision? *Id.* Did the petitioner explicitly waive the discrimination claim in proceedings before the MSPB? *Blake,* 794 F.2d at 173. The factors set forth above, however, should not be considered an exhaustive list. Further, no single factor is dispositive.

■■ After a careful examination of the record, the court finds that plaintiff abandoned his discrimination claim in the proceedings before the MSPB. The mere pleading of discrimination does not transform a claim properly before the Federal Circuit into a claim cognizable in district court. *See Hill v. Department of Air Force,* 796 F.2d 1469, 1471 (Fed.Cir.1986) ("It was plainly not the intent of Congress to enable manipulation of ... jurisdiction by the mere mention of discrimination in a petition for review"); *Wallace,* 728 F.2d at 1459. In order for a "mixed" claim to exist, racial discrimination must have been put forth substantively by the plaintiff as a basis for the adverse employment decision. *Meehan,* 718 F.2d at 1074. Plaintiff, however, did not pursue the claim of racial discrimination either before the administrative judge or the MSPB. In fact, the administrative judge specifically noted that plaintiff "abandoned the [discrimina-

tion] claim[.]" Plaintiff failed to offer any evidence of discrimination in the hearings before the administrative judge and the MSPB. The record clearly indicates that the only substantive basis for petitioner's appeal to the MSPB was his contention that the removal action was inappropriate in light of his years of service and prior work record. Therefore, having found that the discrimination claim was abandoned, this court is without jurisdiction to review the final decision of the MSPB. Jurisdiction is proper only in the United States Court of Appeals for the Federal Circuit. Accordingly, defendant's motion to dismiss is GRANTED.

SO ORDERED.