IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10207
Summary Calendar
_____

DEXTER E. NEAL,

Plaintiff-Appellant,

versus

WILLIAM S. COHEN, Secretary, Department of Defense, et al.,

Defendants,

WILLIAM S. COHEN, Secretary, Department of Defense;
BEN L. ERDREICH, Chairman Merit Systems Protection Board;
MERIT SYSTEMS PROTECTION BOARD;

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-1534-BC
--------------------
January 26, 2000

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Dexter E. Neal appeals the district court's dismissal of his complaint, which alleged that (i) his employer, the Defense Logistics Agency, and the Merit Systems Protection Board (MSPB) committed procedural errors during the adjudication of his challenge to a demotion and (ii) the MSPB committed racial discrimination in violation of Title VII when it held against him

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the DLA's petition for review of an administrate judge's order. The district court concluded that it had subject-matter jurisdiction over Neal's complaint. However, it held that the MSPB could not be sued by Neal under Title VII for discrimination and that the MSPB was not a proper respondent in any action challenging its resolution of an employing agency's petition for review. The court rejected the claims against the DLA on the merits.

In the district court, the MSPB and its chairman argued that subject-matter jurisdiction was lacking. Despite granting motions to dismiss under Fed. R. Civ. P. 12(b)(1), the district court disagreed, and none of the parties has questioned the subject-matter jurisdiction on appeal. However, we must examine the basis of the district court's subject-matter jurisdiction whenever "it appears at all questionable." Odeco Oil & Gas Co., Drilling Div. v. Bonnette, 4 F.3d 401, 403 n.2 (5th Cir. 1993). We do so here.

In Blake v. Dep't of the Air Force, 794 F.2d 170, 172 (5th Cir. 1986), we noted that the United States Court of Appeals for the Federal Circuit typically has exclusive jurisdiction to review the final orders of the MSPB. See also 28 U.S.C. § 1295(a); 5 U.S.C. § 7703(b). The only exception is for "[c]ases of discrimination subject to the provisions of" 5 U.S.C. § 7702. Blake, 794 F.2d at 172. When an employee brings one of these so-called "mixed cases," involving both discrimination and nondiscrimination claims, jurisdiction is proper in a district court. Id. However, if the "discrimination claim . . . [has been] eliminated from the case," the district court lacks subject-matter jurisdiction, and the Federal Circuit retains exclusive

jurisdiction over the case.

The district court held that Neal's case was "mixed" because he had alleged racial discrimination *by the MSPB* during its adjudication of his case.[1] We conclude, however, that a claim of adjudicatory discrimination by the MSPB does not make a case "mixed." As noted, in these circumstances, district courts have jurisdiction only over "[c]ases of discrimination subject to the provisions of" § 7702. See § 7703(b)(2). Section 7702(a)(1), in turn, applies only to "the case of any employee . . . who has been affected by an action which the employee . . . may appeal to the Merit Systems Protection Board, and [who] alleges that a basis for the action was discrimination prohibited by" several listed statutes, including Title VII. As this language makes clear, the section refers only to allegations of employment discrimination *by an employing agency*, allegations that the employee "may appeal to the" MSPB. It does not encompass allegations that the MSPB itself committed discrimination in deciding an employee's case. Any such claim of adjudicatory bias properly would be raised in the employee's appeal of the MSPB's order in the Federal Circuit.

In holding that it had jurisdiction over Neal's complaint, the district court cited Williams v. Rice, 983 F.2d 177, 179-80 (10th Cir. 1993), and Morales v. MSPB, 932 F.2d 800, 801-02 (9th Cir. 1991). In these cases, however, the employee presented both claims of discrimination and nondiscrimination by the employing agency itself. Accordingly, these cases involved issues covered by §

---

[1] In the district court and on appeal, Neal has disclaimed any allegation of racial discrimination by the DLA in its demotion of him.

7702(a)(1). Neither case involved the situation presented here, in which the employee's only discrimination claim is against the MSPB. Williams and Morales are inapposite.

The district court also cited Afifi v. U.S. Dep't of Interior, 924 F.2d 61, 64 (4th Cir. 1991). As the district court realized, Afifi authorizes a district court, in some situations, to consider an employee's nondiscrimination claims after it has disposed of the discrimination claims. Id. at 63. When, as here, the case presented to the district court is not "mixed," the district court lacks jurisdiction. Id. at 62; Blake, 794 F.2d at 173.

Because the district court lacked jurisdiction over Neal's complaint, we VACATE the district court's judgment and REMAND the matter for the district court to dismiss Neal's complaint.