# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2010

No. 09-31123
Summary Calendar

Lyle W. Cayce
Clerk

BEV ORR,

Plaintiff - Appellant

v.

MERIT SYSTEMS PROTECTION BOARD,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
2:09-CV-3419

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bev Orr appeals the district court's dismissal of her case for lack of subject matter jurisdiction. Orr was employed as a pharmacist by the Department of the Army. In 1992, the Army appointed Orr to an overseas position for a twelve-month term ending July 11, 1993. The Army terminated Orr on July 11, 1993 at the end of the term of employment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31123

Orr appealed her termination to the Merit Systems Protection Board ("MSPB"), contending that the Army appointed her to a thirty-six month term, not a twelve-month term. The MSPB dismissed the appeal, finding that Orr was appointed to a twelve-month term, and therefore, her termination by the Army at the end of that term was not an adverse action that was appealable to the MSPB. Orr did not appeal the Board's decision to the Court of Appeals for the Federal Circuit, as was her right. 28 U.S.C. § 1295(a)(9).

In 1999, Orr filed another appeal with the MSPB. The MSPB dismissed Orr's claims, finding that she was collaterally estopped from relitigating whether her appointment extended past July 11, 1993. Orr appealed to the Federal Circuit, which affirmed the MSPB's decision. *Orr v. Dep't of Army*, 251 F.3d 170, 2000 WL 1810011 (Fed. Cir. Dec. 11, 2000).

Now nearly seventeen years after her termination by the Army and more than nine years after the Federal Circuit's decision in this matter, Orr for the third time seeks to litigate her termination. The March 2000 MSPB order, which is the subject of the instant suit indicated that Orr had 60 days to appeal to the Federal Circuit. This suit is clearly time barred.

Furthermore, the district court correctly determined that it lacked subject matter jurisdiction to hear Orr's case. We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. *See Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001). Pursuant to 28 U.S.C. § 1295(a)(9), the Federal Circuit has *exclusive jurisdiction* over an appeal from a final order or final decision of the MSPB. *See also Blake v. Dep't of Air Force*, 794 F.3d 170, 172 (5th Cir. 1986). If a case involves a discrimination claim, the Federal Circuit's jurisdiction is not exclusive and a federal employee may obtain *de novo* review of an MSPB decision in such a "mixed case appeal" by filing a civil action in federal district court. *See Harms v. I.R.S.*, 321 F.3d 1001, 1005 (10th Cir.), *cert. denied*, 540 U.S. 858 (2003) (citing 29 C.F.R. § 1614.310(b)).

2

No. 09-31123

Although Orr's pleadings are hardly pellucid, her conclusory assertions that her termination was motivated by a retaliatory intent and that she intends to secure a favorable ruling from the EEOC, do not a discrimination claim make. Accordingly, she was entitled to review only in the Federal Circuit, which she received.

Because the district court properly determined that it lacked subject matter jurisdiction, we AFFIRM the district court's judgment of dismissal.