# United States Court of Appeals
## For the First Circuit

No. 17-1257

PAUL D. JONSON; NOREEN A. JONSON,

Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,

Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Barron, Selya, and Stahl,
Circuit Judges.

Elizabeth S. Dillon and Brian D. Fishman, with whom Cetrulo LLP was on brief, for appellants.
John W. Guarisco, Counsel, Federal Deposit Insurance Corporation, with whom Colleen J. Boles, Assistant General Counsel, and Kathryn R. Norcross, Senior Counsel, were on brief, for appellee.

December 8, 2017

**STAHL**, **Circuit Judge**.

Plaintiff-Appellant, Paul D. Jonson ("Jonson") commenced two different actions against the Federal Deposit Insurance Corporation ("FDIC"), challenging its decision to terminate his employment.[1] When the case reached the district court, the court dismissed Jonson's complaint for lack of subject matter jurisdiction. Jonson appeals the district court's decision.

First, Jonson disputes the district court's conclusion that he waived his associational disability discrimination claim. Second, Jonson requests that the Court transfer the case to the Federal Circuit. Finding that both of Jonson's arguments on appeal lack merit, we affirm.

## I. Procedural History

Jonson worked at the FDIC for more than 20 years. In 2010, Jonson and his wife both filed for bankruptcy, they said, as a result of expenditures they incurred in caring for their sick daughter. In September 2011, both Jonson and his wife received a bankruptcy discharge.

In November 2011, Jonson applied for a special short-term assignment through the FDIC with the United States Treasury. As a part of the background check required for this position,

---

[1] While Noreen A. Jonson is also a named party, the dispute concerns the termination of Paul D Jonson. Therefore, this opinion refers to the Plaintiff-Appellant, Paul D. Jonson, in the singular.

Jonson disclosed the fact of his bankruptcy. On January 29, 2013, the FDIC terminated Jonson's employment with the agency because of his failure to meet the minimum standards of fitness and integrity established and required by 12 U.S.C. § 1822(f)(4).

On February 28, 2013, Jonson exercised his rights, pursuant to the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq. ("CSRA"), by timely filing an appeal of his termination with the Merit Systems Protection Board ("MSPB"). Jonson alleged that (1) the basis proffered by the agency for his removal, the minimum standards of fitness and integrity, were invalid; (2) the termination violated the anti-discrimination provision of the Bankruptcy Code, 11 U.S.C. § 525(a); and (3) the termination constituted associational disability discrimination, in violation of the Rehabilitation Act, 29 U.S.C. §§ 791, 794.

On June 14, 2013, the administrative law judge ("ALJ") issued a ruling in Jonson's favor. The ALJ did not reach the merits of Jonson's discrimination claims. Rather she determined that the FDIC exceeded its authority in promulgating the minimum standards regulations, the basis by which the FDIC terminated Jonson, because it failed to obtain the concurrence of the Office of Government Ethics ("OGE"). From that ruling, the FDIC took an interlocutory appeal. The MSPB affirmed the ALJ's reversal of

- 3 -

Jonson's removal and remanded the case to the ALJ to consider the merits of Jonson's discrimination claims.[2]

On June 27, 2014, Jonson's counsel, by letter, withdrew Jonson's discrimination claims with prejudice. The purpose of the withdrawal was to enable Jonson to immediately return to employment at the agency. Subsequently, the ALJ issued an initial decision, ordering, as interim relief, that the FDIC reinstate Jonson.

The FDIC petitioned for review of the ALJ's initial decision and the MSPB reversed its prior ruling, finding that the minimum standards regulations had been properly promulgated.[3] The MSPB canceled the ALJ's order of interim relief and remanded the matter to the ALJ and as part of that remand, required that Jonson be given an opportunity to reinstate his discrimination claims.

The ALJ reopened the matter and authorized the parties to engage in discovery. The FDIC propounded several discovery requests to Jonson including, among other items, information related to his discrimination claims. The ALJ ordered Jonson to respond to the FDIC's discovery requests. Jonson failed to respond

---

[2] The MSPB explained that "the FDIC was authorized to promulgate minimum standards of employment, but it was required to obtain [the Office of Government Ethics'] concurrence, which it failed to do."

[3] After the MSPB issued its original decision, the OGE provided a declaration, explaining that the "FDIC was not required to obtain [the OGE's] approval before promulgating the minimum fitness regulations."

to these requests and because of that failure, on October 8, 2015, the FDIC moved for sanctions.

On December 4, 2015, during the pendency of the MSPB proceeding, Jonson initiated an adversary proceeding before the bankruptcy court pursuant to 5 U.S.C. § 7702(e), raising the same discrimination claims he had raised before the MSPB.

Shortly thereafter, on December 7, 2015, the ALJ entered an order imposing sanctions on Jonson for failure to comply with her orders and prohibited Jonson from, among other things, introducing evidence regarding his discrimination claims. The ALJ also entered an order to show cause, directing Jonson to explain why his case should not be dismissed. On December 22, 2015, Jonson, with new counsel, filed a motion for reconsideration of the December 7, 2015 order imposing sanctions and a response to the order to show cause. On February 25, 2016, the ALJ granted in part and denied in part Jonson's motion. The ALJ determined that "all sanctions imposed . . . [would] remain in effect. However, the appeal will not be dismissed."

On February 23, 2016, the FDIC filed a motion requesting that the bankruptcy court dismiss the adversary proceeding, or, in the alternative, abstain. The FDIC made several arguments in its motion, most importantly that Jonson's case was no longer mixed and the bankruptcy court lacked supplemental jurisdiction over his claims. See 29 C.F.R. 1614.302 ("A mixed case [] is a complaint

- 5 -

of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)."). On the same day, the FDIC also filed a motion with the district court requesting the withdrawal of the reference to the bankruptcy court. Jonson agreed to the FDIC's request to withdraw the reference. On May 17, 2016, the district court withdrew the reference of the adversary proceeding from the bankruptcy court.

Before the district court addressed the FDIC's motion to dismiss, the MSPB issued its final order, affirming the FDIC's termination decision. On October 20, 2016, Jonson filed a "Notice of Appeal" with the district court in which he stated that he "formally appeal[ed] the decision of the MSPB, pursuant to 5 U.S.C. § 7703."

Thus, when the case came before the district court, it had two procedural histories, one from the bankruptcy court and one from the MSPB hearings. The court requested additional briefing from the parties regarding whether "the two proceedings are identical in terms of the issues they present and the burdens on either party." Jonson requested that the case proceed in the district court pursuant to 5 U.S.C. § 7702.[4]

---

[4] See PLAINTIFF'S SUPP. TO OPP. TO FDIC MOTION TO DISMISS ("this action should proceed (as it had for the nine months between

- 6 -

Subsequently, the court granted the FDIC's motion to dismiss, finding that the court lacked subject matter jurisdiction because the case was no longer "mixed," a requirement for the district court's jurisdiction. See Jonson v. FDIC, No. CV 16-10518-RWZ, 2016 WL 7493958, at *3 (D. Mass. Dec. 30, 2016). In addition, the court denied Jonson's subsequent motion to transfer the case to the Federal Circuit. On March 13, 2017, Jonson timely filed his notice of appeal.

**II. Analysis**

The CSRA constitutes "a comprehensive system for reviewing personnel action[s] taken against federal employees." United States v. Fausto, 484 U.S. 439, 455 (1988). CSRA claims must first be presented to the agency-employer and, if pursued further, reviewed by the MSPB. See Kloeckner v. Solis, 568 U.S. 41, 44-45 (2012). The MSPB initially refers an appeal to an ALJ, who hears evidence and argument and issues an initial decision after the record closes. See 5 U.S.C. § 7701(b)(1); 5 C.F.R. §§ 1201.59, 12.111. That initial decision becomes a final order, unless the employee petitions for review by the MSPB, which has authority to review the initial decision and issue its own final order. 5 C.F.R. §§ 1201.113, 1201.114, 1201.117. An employee aggrieved by an MSPB final order may obtain judicial review by

when Jonson initiated the instant action, and when Jonson appealed the MSPB's Final Order), pursuant to Section 7702 of the CSRA.")

- 7 -

filing a petition in the United States Court of Appeals for the Federal Circuit within 60 days. 5 U.S.C. § 7703(a)(1), (b)(1)(A).

If, however, the aggrieved employee is pursuing a "mixed case," -- i.e. alleging that the adverse employment action was based on discrimination in violation of certain anti-discrimination provisions, such as Section 501 of the Rehabilitation Act -- the employee instead obtains judicial review of an adverse MSPB order by filing suit within thirty days in a United States District Court. See 5 U.S.C. §§ 7702(a)(1)(B), 7703(b)(2); Kloeckner, 568 U.S. at 45-46, 50. Additionally, the CSRA provides that for mixed cases, if the MSPB does not issue a final order within 120 days after an MSPB appeal is filed, an employee may file suit in the district court. 5 U.S.C. § 7702(e)(1)(B).

### 1. The District Court's Subject Matter Jurisdiction

We review "de novo a district court's dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." United States v. Murphy, 45 F.3d 520, 522 (1st Cir. 1995). In reviewing the district court's decision, the Court is "mindful that the party invoking the jurisdiction of a federal court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). Both parties agree that the district court's subject matter jurisdiction rests

on whether Jonson's case is "mixed."[5]  The district court concluded that Jonson did not have a mixed case because of his failure to reinstate or prosecute his Rehabilitation Act defense before the MSPB, despite being given the right to do so, after expressly withdrawing the claim with prejudice.

This Circuit has routinely held that an employee who fails to exhaust available administrative remedies under the CSRA is precluded from bringing a mixed case in federal district court. See, e.g., Gonzalez v. Velez, 864 F.3d 45, 51-52 (1st Cir. 2017); Rodriguez v. United States, 852 F.3d 67, 87 (1st Cir. 2017); Irizarry v. United States, 427 F.3d 76, 78-79 (1st Cir. 2005). This case presents a slightly nuanced version of the established administrative exhaustion principle:  whether a party who withdraws a claim of discrimination in an MSPB proceeding, and never reinstates the claim in that proceeding, may still have a mixed case appropriate for judicial review before the district court.  Other circuits faced with this question have determined that a waived discrimination claim results in a non-mixed case.

---

[5]  The district court also dismissed the claim for discrimination under Section 525(a) of the Bankruptcy Code for the independent reason that such claims are not cognizable in federal court under the CSRA.   See Jonson v. FDIC, No. CV 16-10518-RWZ, 2016 WL 7493958, at *3 (D. Mass. Dec. 30, 2016) (citing 5 U.S.C. § 7702).   The Section 525(a) claim is not germane to the issues before us (as it cannot confer "mixed" case status) and going forward the only discrimination claim/affirmative defense that is discussed is the Rehabilitation Act claim.

See e.g., McAdams v. Reno, 64 F.3d 1137, 1144 (8th Cir. 1995) ("The record indicates that McAdams abandoned her discrimination claims at the MSPB. The district court thus properly determined that it lacked jurisdiction to consider them."); Blake v. Dep't of Air Force, 794 F.2d 170, 173 (5th Cir. 1986) ("We find that in the case before us any discrimination claim, to the extent one ever existed, was eliminated from the case and thus there is no subject matter jurisdiction."); Stephens v. Connley, 842 F. Supp. 1457, 1459 (M.D. Ga. 1994), aff'd mem., 48 F.3d 537 (11th Cir. 1995)(unpublished table decision) ("If this court determines that the discrimination claim has been eliminated, then the Court of Appeals for the Federal Circuit would have exclusive jurisdiction over plaintiff's case.").

As the court explained in Connley, 842 F. Supp. at 1459, "[i]t is clear that a discrimination claim may be abandoned during MSPB proceedings." While an explicit waiver is not required, see id., in this case, Jonson's explicit withdrawal of his claim is sufficient proof that his discrimination claim was abandoned. See McMillan v. Mass. Soc. for Prevention of Cruelty to Animals, 140 F.3d 288, 310 (1st Cir. 1998) (noting that a party's voluntary withdrawal of a claim relinquishes the right to pursue it later). Jonson was given opportunities to re-allege his discrimination claim, but failed to do so on multiple occasions. At no point during the subsequent proceedings did Jonson present or attempt to

- 10 -

present any evidence to support a discrimination claim. We cannot find that Jonson's original complaint, which alleged a claim of discrimination that was later withdrawn, without anything more, is sufficient to create a mixed case. See Hill v. Dep't of Air Force, 796 F.2d 1469, 1471 (Fed. Cir. 1986) ("It was plainly not the intent of Congress to enable manipulation of . . . jurisdiction by the mere mention of discrimination in a petition for review."). Finding that the district court lacked subject matter jurisdiction, we turn to Jonson's next challenge on appeal.

### 2. Transfer to the Federal Circuit

"We review a refusal to transfer for abuse of discretion." Cimon v. Gaffney, 401 F.3d 1, 6 (1st Cir. 2005). After the district court dismissed the case for want of subject matter jurisdiction, Jonson filed a motion for reconsideration, or, in the alternative, to transfer the case to the Court of Appeals for the Federal Circuit. Without issuing an opinion, the district court denied Jonson's motion.

In making the transfer request before the district court, Jonson's counsel argued that transfer was proper pursuant to 28 U.S.C. § 1404(a), which provides for change of venue "[f]or the convenience of parties and witnesses, in the interest of justice" and "where it might have been brought or to any district or division to which all parties have consented." On appeal, Jonson's counsel concedes that the transfer request should have

- 11 -

been pursued under 28 U.S.C. § 1631, but nonetheless, the district court should have transferred the case in the interest of justice.

Jonson's failure to raise section 1631 before the district court constitutes a waiver of the issue on appeal. See Albion v. YMCA Camp Letts, 171 F.3d 1, 2 n.3 (1st Cir. 1999) (deciding that where a party only raised 28 U.S.C. § 1404 and § 1406 as grounds for transfer, the court would not address the applicability of 28 U.S.C. § 1631); see also Me. Green Party v. Me., Sec'y of State, 173 F.3d 1, 4 (1st Cir. 1999) (finding waiver when "the argument plaintiff presse[d] on appeal was not timely asserted in the district court").

Further, even if the Court were to overlook Jonson's waiver, the denial of transfer was nonetheless proper. Section 1631 provides that:

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

(emphasis added).

Jonson's counsel contends that the transfer serves "the interest of justice," namely because Jonson filed the instant action with the "good-faith belief" that his associational

- 12 -

disability discrimination claims were valid. While Section 1631 creates a presumption in favor of transfer, transfer is inappropriate if it would not cure a want of jurisdiction. See Lightfoot v. Cendant Mortg. Corp., 137 S. Ct. 553, 560 (2017) ("A court of competent jurisdiction is a court with the power to adjudicate the case before it.").

Regardless of the interest of justice argument, a transfer of the case would not cure the want of jurisdiction. Jonson's claim before the district court was filed pursuant to 5 U.S.C. § 7702(e)(1)(B). Unlike an appeal from a final MSPB order, which may be brought before a district court or the Federal Circuit depending on its mixed status, see 5 U.S.C. §§ 7702(a)(1), 7703(b)(1)(A) and (2), a section 7702(e)(1)(B) claim is only for mixed cases and can only be brought in the district court. It could never have been brought before the Federal Circuit. Further, the Federal Circuit only has jurisdiction over final orders or decisions of the MSPB. See 28 U.S.C. § 1295(a)(9); Weed v. Soc. Sec. Admin., 571 F.3d 1359, 1361-62 (Fed. Cir. 2009). But, at the time Jonson's section 7702 action was filed, his case was still pending before the MSPB. There was no final order. As such, Jonson's section 7702 claim could not have been filed in the Federal Circuit at the time it was filed in the district court because it was not a final order. Although Jonson may have been led astray by his prior counsel, the Court cannot transfer a case

- 13 -

in the interest of justice if the transfer fails to cure the jurisdictional defect.

For these reasons, we affirm the district court's decision.