**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1953
_____

VALERI HENDERSON,
Petitioner

v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2020

Before: KRAUSE, MATEY, and ROTH, Circuit Judges

(Opinion filed: February 2, 2021)
_____

OPINION*
_____

PER CURIAM

     Valeri Henderson is a former employee of the Internal Revenue Service. In early

2017, Henderson sought clarity about her disability annuity payments under the Federal

Employees Retirement System (FERS). With clarity came disappointment, however; the

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Office of Personnel Management (OPM) notified Henderson that it had adjusted her annuity payment downward, as of her recently celebrated 62nd birthday.

Contending that OPM's adjustment calculation was based on an erroneously low salary input, Henderson sought administrative appellate review with the Philadelphia Regional Office of the Merit Systems Protection Board (MSPB).[1]  A single MSPB administrative judge ("AJ") dismissed Henderson's appeal for lack of jurisdiction.  The AJ reasoned that OPM's annuity decision was merely preliminary; it was not "final" and subject to immediate review.

Henderson then filed a pro se petition for review in this Court.  OPM was named as the respondent.  After Henderson filed her opening brief, we granted MSPB's motion under Federal Rule of Appellate Procedure 15(d) to intervene.  We deferred ruling on MSPB's motion insofar as it also sought reformation of the caption for this matter, pursuant to 5 U.S.C. § 7703(a)(2).

Before we dispose of that motion—and before we can even reach the merits of Henderson's petition—we must resolve a threshold question:  Do we have jurisdiction to decide this matter and, if not, who does?

Under the applicable statutory regime, the general rule is that a petition for review of an adverse MSPB decision must be filed in the Court of Appeals for the Federal Circuit.  See 5 U.S.C. § 7703(b)(1)(A); Kloeckner v. Solis, 568 U.S. 41, 49 (2012).  That

---

[1] MSPB has jurisdiction to adjudicate challenges to certain adverse employment actions

said, there are two exceptions potentially applicable here.  First, we could review the petition, as a "court of competent jurisdiction" under 5 U.S.C. § 7703(b)(1)(B), if this were a case about agency reprisals in violation of the Whistleblower Protection Enhancement Act of 2012.  See Mount v. DHS, 937 F.3d 37, 42 (1st Cir. 2019).  Second, the District Court would have to review the petition, under 5 U.S.C. § 7703(b)(2), if the matter involved a claim that "an agency action appealable to the MSPB violates an antidiscrimination statute listed in § 7702(a)(1)."  Kloeckner, 568 U.S. at 56.

Neither exception applies.  While Henderson now argues that this case involves a sprawling, decades-wide collection of agency misconduct—including whistleblower retaliation, racial discrimination, nepotism, harassment, asbestos exposure, and improper handling of a fall-related workplace injury—she mentioned none of those things in her appeal to the MSPB.  See MSPB Resp. (doc. 47) at App'x 12–18.[2]  The upshot is that jurisdiction to review Henderson's petition lies in the Federal Circuit, not this Court.[3]  As a result, we would be well within our authority to dismiss the petition for review.

---

taken by a federal agency against its employees.  See 5 U.S.C. § 7701(a).

[2] Concurrent with pursuing this petition for review, Henderson filed with the EEOC a complaint against the Treasury Department claiming discrimination based on race, sex, disability and prior protected activity, all dating back to 1992.  The complaint was dismissed as untimely; on the current record, the disposition of Henderson's related appeal is unclear.

[3] Because we do not have jurisdiction under § 7703(b)(1)(B), based on the nature of this action, we need not consider the application or vitality of our decision in Lancellotti v. Office of Personnel Management, 704 F.2d 91, 95 (3d Cir. 1983), holding that we lack

3

We also have the authority, though, to transfer Henderson's petition to the Federal Circuit. Under the federal transfer statute, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought" at the outset. 28 U.S.C. § 1631. Notably, "[s]ection 1631 creates a presumption in favor of transfer." Jonson v. Fed. Deposit Ins. Corp., 877 F.3d 52, 58 (1st Cir. 2017).

MSPB argues that we should transfer the case to the Federal Circuit. OPM, on the other hand, argues that transfer would be futile because its underlying decision is non-final; *i.e.*, the Federal Circuit will certainly uphold MSPB's jurisdictional dismissal, so that court should be spared case-opening efforts in favor of dismissal by this Court.

OPM may well be right that the Federal Circuit will deem Henderson's petition for review meritless as a result of her premature MSPB appeal. See, e.g., Green v. MSPB, 766 F. App'x 995, 996 (Fed. Cir. 2019) (per curiam); cf, 5 C.F.R. § 841.308 (providing that "an individual whose rights or interests under FERS are affected by a *final decision of OPM* may request MSPB to review the decision") (emphasis added). But, especially in light of the presumption in favor of transfer, cf. Jonson, 877 F.3d at 58, we will leave that determination to the Federal Circuit; we decline to, in effect, reach the merits of a

jurisdiction under § 7703 to review petitions for review filed by "former" employees (including FERS disability annuitants). We thus do not consider, specifically, the merits of the MSPB's argument that "*Lancelotti* was decided based on law that existed prior to the creation of the Federal Circuit; *Lancelotti's* holding is contrary to well-established

4

petition over which we lack jurisdiction, cf. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988) (observing the "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists").[4]

III.

For the reasons outlined above, it is hereby ORDERED that the Clerk transfer the petition for review to the United States Court of Appeals for the Federal Circuit. See 28 U.S.C. § 1631. MSPB's motion to reform the caption is denied as unnecessary in light of our disposition, which "terminates this proceeding in this Court." In re Arunachalam, 812 F.3d 290, 294 (3d Cir. 2016).

---

Federal Circuit case law; and the Federal Circuit has exclusive jurisdiction over this appeal." MSPB Resp. (doc. 47) at 5.

[4] This is not a case in which the futility of transferring a petition is evident from the fact that the potential transferee court, like the transferor court, lacks jurisdiction. Cf. Jonson, 877 F.3d at 58. For her part, Henderson laments: "I really don't know who has jurisdiction over what." Henderson Ltr. (doc. 46) at 2. MSPB and OPM, meanwhile, agree that the Federal Circuit may exercise jurisdiction. See OPM Resp. (doc. 42) at 5; MSPB Resp. (doc. 47) at 6–8, 10–12.