NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2899
_____

KENNETH R. CRANDALL,
Appellant

v.

DENIS R. MCDONOUGH, Secretary Department of Veterans Affairs; DEPARTMENT
OF VETERANS AFFAIRS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-00626)
District Judge: Honorable John M. Younge

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2025
Before: HARDIMAN, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed June 18, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Kenneth Crandall appeals the District Court's dismissal of his amended complaint.

We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Crandall worked for the Department of Veterans Affairs (the "VA") between 2010 and 2013.[1] Between 2011 and 2017, Crandall acted as a whistleblower for the federal government. In 2012, the VA terminated Crandall's employment, which Crandall successfully challenged. He was again terminated in 2013, and the parties resolved his challenge to the termination by executing a settlement agreement. Crandall agreed that he would never again work for the VA.

In 2018, Crandall applied to be accredited as a VA claims agent. The VA's Chief Counsel denied his application. Chief Counsel explained that he questioned Crandall's fitness to serve as a claims agent because Crandall had continually mocked VA employees after his employment ended. Chief Counsel cited various emails that Crandall had sent to VA employees that reflected his "unprofessional, vengeful mentality." Crandall alleged that the VA stored his emails in a system of records, and that the VA failed to protect his personal and sensitive information by storing it in an unsecure system.

Crandall brought this amended complaint against the VA and the VA's Secretary, alleging that they violated provisions of the Privacy Act, see 5 U.S.C. § 552a(e)(1), (4), (7), the First Amendment, the "Veterans Affairs Information Security Act,"[2] and the

---

[1] For purposes of this appeal, we will accept the complaint's well-pleaded facts as true. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

[2] The District Court construed Crandall's complaint as asserting a claim under the Veterans Benefits, Health Care, and Information Technology Act of 2006, 38 U.S.C. § 5721 et seq. The Court rejected the claim because it discerned no private right of action

2

Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8).  The defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The District Court granted the motion without further leave to amend on the ground that Crandall failed to state a plausible claim for relief.  Crandall appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's dismissal de novo.  See Doe v. Princeton Univ., 30 F.4th 335, 341 (3d Cir. 2022).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Crandall argues that the District Court erred by dismissing his WPA claim.  The District Court determined that Crandall failed to state a claim for relief because VA claims agents are not federal employees, and therefore Crandall's claim did not arise out of an application for federal employment.  See 5 U.S.C. § 2302(b)(8) (prohibiting adverse personnel actions against "any employee or applicant for employment" because of certain disclosures).  The parties disagree as to whether the WPA covered Crandall as a former employee and a VA claims agent applicant.  We need not reach that issue, however, because as the appellees point out, the District Court was not the proper forum in which to bring the WPA claim.

---

under that statute, and it determined that the claim would also fail under the Administrative Procedure Act, 5 U.S.C. § 702 et seq.  Crandall does not challenge the disposition of this claim on appeal.

3

Generally, a WPA claimant must first seek corrective action from the Office of Special Counsel and the Merit Systems Protection Board. See 5 U.S.C. § 1214(a)(3).[3] The claimant can seek review of the Board's disposition of the WPA claim by filing a petition with a federal court of appeals. See 5 U.S.C. § 7703(b)(1)(B); see also Elgin v. Dep't of Treasury, 567 U.S. 1, 10-12 (2012) (explaining that Congress precluded district court jurisdiction over most claims for personnel action taken against federal employees). The only way that a district court can review an agency decision under the WPA is if the complaint also raises issues under an antidiscrimination statute. See 5 U.S.C. § 7703(b)(2); Perry v. Merit Sys. Prot. Bd., 582 U.S. 420, 425-27 (2017); Jonson v. FDIC, 877 F.3d 52, 56 (1st Cir. 2017); cf. Makky v. Chertoff, 541 F.3d 205, 211 (3d Cir. 2008).

Here, even if Crandall had exhausted his administrative remedies, he still could not seek review in the District Court, because, as he makes clear in his pleadings, he did not bring a discrimination claim. See 5 U.S.C. § 7703(b)(2). The District Court therefore lacked subject matter jurisdiction to consider the WPA claim, and we will affirm the District Court's dismissal on that ground. But because dismissals for lack of subject matter jurisdiction should be without prejudice, see Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999), we will modify the District Court's dismissal of the

---

[3] Under some circumstances, the claimant can proceed directly to the Merit Systems Protection Board without first seeking corrective action from the Special Counsel. See 5 U.S.C. § 1214(a)(3); 5 U.S.C. § 1221(a), (b).

4

WPA claim so that the claim is dismissed without prejudice, see Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

Next, Crandall maintains that the District Court erred by dismissing his claims under the Privacy Act. In his amended complaint, Crandall claimed that the defendants,[4] when managing the system of records for correspondences, failed to maintain only relevant and necessary records, see 5 U.S.C. § 552a(e)(1), failed to publish in the Federal Register notice of the routine uses and categories of sources of the records, see 5 U.S.C. § 552a(e)(4)(D), (I), and improperly maintained records describing how Crandall engaged in First Amendment activity, see 5 U.S.C. § 552a(e)(7).[5] To state a claim for monetary relief, Crandall needed to allege plausibly that the VA violated these Privacy Act provisions "in such a way as to have an adverse effect on" him, that the VA acted intentionally or willfully, and that he suffered actual damages from the violations. 5 U.S.C. § 552a(g)(1)(D), (4); Doe v. Chao, 540 U.S. 614, 627 (2004). But Crandall failed to plead that any alleged Privacy Act violation resulted in the damage he suffered—the denial of his VA claims agent application. In other words, one cannot plausibly infer

---

[4] Crandall appears to have brought Privacy Act claims against both the VA and the VA Secretary. But the Privacy Act authorizes civil suits only against federal agencies, not individuals. See 5 U.S.C. § 552a(g)(1); Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam). Thus, to the extent that Crandall brought these claims against the VA Secretary, dismissal was appropriate.

[5] In addition to Crandall's claims for damages, he also appears to have requested access to his records under 5 U.S.C. § 552a(d)(1). But Crandall did not allege that he previously requested access to his records and that his request was denied. See, e.g., Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 476-77 (5th Cir. 1997) (per curiam). Nor did he raise the issue on appeal.

from Crandall's amended complaint that Chief Counsel obtained Crandall's emails from the system of records, or because of any alleged deficiencies in the system of records. Thus, the District Court did not err by dismissing Crandall's Privacy Act claims.

Finally, Crandall concedes that he failed to state a First Amendment claim under 42 U.S.C. § 1983, but he argues that the District Court should have granted him another opportunity to plead a First Amendment claim. Liberally construed, it appears that Crandall requests that this Court remand his case with instructions for the District Court to grant him leave to amend his complaint to bring a First Amendment claim under Bivens. See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). But Crandall has not raised anything suggesting that he could state a First Amendment claim under Bivens. See Egbert v. Boule, 596 U.S. 482, 498 (2022) (citations omitted) (explaining that the U.S. Supreme Court has "never held that Bivens extends to First Amendment claims" and holding that there is no Bivens remedy for First Amendment retaliation). Thus, the District Court did not abuse its discretion by dismissing the complaint without further leave to amend. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018). Accordingly, we will affirm the District Court's judgment as modified.