**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

HAROLD E. RUTILA, IV,

    Plaintiff - Appellant,

v.

PETER P. BUTTIGIEG, Secretary of the
Department of Transportation,

    Defendant - Appellee.

No. 23-6157
(D.C. No. 5:22-CV-00948-R)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.

_____

The district court dismissed Appellant Harold Rutila's complaint alleging sex

discrimination in violation of Title VII of the Civil Rights Act of 1964, and denied

his motion to alter or amend the judgment under Federal Rule of Civil Procedure

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

59(e). Mr. Rutila, appearing *pro se*, now appeals.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Rutila was employed by the Federal Aviation Administration (FAA) as a trainee seeking to become an air traffic controller. To complete training and remain employed, he needed to pass four performance assessments. He failed the third one, with a score that made it impossible for him to pass the training as a whole. He was terminated, and not granted reinstatement.

After pursuing administrative relief and receiving the right to sue,[2] Mr. Rutila filed a complaint alleging he was denied reinstatement because of his sex, in violation of Title VII.[3] The FAA moved to dismiss for failure to state a claim under Rule 12(b)(6), and Mr. Rutila filed an amended complaint. The FAA again moved to

---

[1] Because he is pro se, we liberally construe his pleadings, but do not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] As a federal employee, Mr. Rutila sought administrative relief from the Department of Transportation, in an adjudication before an EEOC administrative judge, and in an appeal to the EEOC's Office of Federal Operations, which notified him of his right to sue. This case is "a de novo civil action." *Dossa v. Wynne*, 529 F.3d 911, 914 (10th Cir. 2008) (internal quotation marks omitted).

[3] The district court also addressed whether Mr. Rutila plausibly alleged his termination was discriminatory. On appeal, he argues his claim is based on denial of reinstatement, *not* his termination. *See* Aplt. Opening Br. at 16, 17–18, 30–31. The district court did not err by considering whether his pro se complaint stated a claim of discriminatory termination. But Mr. Rutila now waives any claim on that basis. *See Anderson v. U.S. Dep't of Lab.*, 422 F.3d 1155, 1174 (10th Cir. 2005).

dismiss, and the district court granted the motion, concluding the amended complaint did not plausibly allege a claim of sex discrimination.

The district court dismissed the amended complaint without allowing further amendment.[4] Mr. Rutila then moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), requesting an opportunity to amend his complaint. The district court denied that motion.

This timely appeal followed.

## II. Discussion

### A.    Dismissal Under Rule 12(b)(6)

1.    Legal Standard

We review the district court's dismissal under Rule 12(b)(6) de novo. *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130 (10th Cir. 2024). We "accep[t] all well-pleaded allegations of the complaint as true and conside[r] them in the light most favorable to the nonmoving party." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 858 (10th Cir. 2016) (internal quotation marks omitted) (quoting *Butler v. Rio Rancho Pub. Sch. Bd. of Educ.*, 341 F.3d 1197, 1199 (10th Cir. 2003). However, we "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v.*

---

[4] Although dismissal was without prejudice, the order is final and therefore appealable because no further proceedings were anticipated. *See Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1159 (10th Cir. 2023). ("Sometimes a dismissal without prejudice is a final judgment because no 'further proceedings' in the case are anticipated." (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001)).

*United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "'A conclusory allegation is one in which an inference is asserted without stating underlying facts or including any factual enhancement.'" *McNellis*, 116 F.4th at 1131 (quoting *Matney v. Barrick Gold. of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023)).

"[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact . . . 'to state a claim to relief that is plausible on its face.'" *Khalik*, 671 F.3d at 1190 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The nature and specificity of the allegations required . . . vary based on context." *Id.* at 1191 (internal quotation marks omitted). A plaintiff need not establish a prima facie case in his complaint. *Id.* at 1192. But "[t]o evaluate whether a complaint survives a motion to dismiss, we consider whether a plaintiff has 'set forth a plausible claim in light of the elements of [his] claim.'" *McNellis*, 116 F.4th at 1139 (quoting *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020)).

2.     Analysis

Mr. Rutila does not allege direct evidence of discrimination, so we evaluate his complaint in light of the prima facie case he would need to establish using circumstantial evidence under the *McDonnell-Douglas* framework. *See id.* at 1137. As a male alleging sex discrimination, he must make a "stronger showing" than a female employee to establish such a prima facie case. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (holding male employee had not established a prima facie case because he had not shown the employer took

4

the "'unusual' step of discriminating against men"). To do so, he "must, in lieu of showing that he belongs to a protected group, establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." *Id.* (internal quotation marks omitted). "Alternatively, [he] may produce facts sufficient to support a reasonable inference that but for [his sex] the challenged decision would not have occurred." *Id.* (internal quotation marks omitted). "[A]t the Rule 12(b)(6) stage, 'show' means plausibly allege, not conclusively prove." *McNellis*, 116 F.4th at 1132 n.6.

Crediting the amended complaint's factual allegations, the FAA's reinstatement decisions were made by a male manager who had "unmitigated authority" to grant or deny reinstatement. R. Vol. 1, at 16. He "'obtain[ed] information' about each trainee" from a different, female, manager, *id.*, who Mr. Rutila alleges harbors "animus against male FAA employees," *id.* at 13, as evinced by her 2001 statement that she worked in a "white male dominated field," *id.* 12–13. The complaint also alleges other trainees who failed the performance assessments were reinstated, and of those it identifies, four were female and two were male. One of these reinstated female trainees failed with a "total point deficiency" of 10.88 points, while Mr. Rutila failed by less, 4.36 points. *Id.* at 19.

Reviewing de novo, we agree with the district court that Mr. Rutila has not plausibly alleged the FAA denied him reinstatement because of his sex.

First, he has not alleged "background circumstances" showing the FAA generally discriminated against males. *See Argo*, 452 F.3d at 1201. Mr. Rutila does

5

not argue the district court erred by requiring allegations of background circumstances and does not dispute *Argo*'s statement of the prima facie case. He argues that he *did* allege "background circumstances" of anti-male discrimination, but the district court did not properly credit them. *See* Aplt. Opening Br. at 17 (arguing "[t]he existence of background circumstances gives rise to the plausibility of the complaint . . . ," and the district court "misconstrued . . . [Mr.] Rutila's factually alleged background circumstances); *id.* at 27 (citing *Argo*'s statement of the prima facie case); *id.* at 38–41. We are not persuaded. He has not plausibly alleged facts that could show the FAA generally discriminates against men.

Second, Mr. Rutila has not alleged facts that plausibly show he would have been reinstated but for his sex. *See Argo*, 452 F.3d at 1201. Although he contends the reinstatement of other trainees supports his claim, we disagree. That other trainees were reinstated, but Mr. Rutila was not, does not plausibly allege sex discrimination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000) ("Not every difference in treatment . . . will establish a discriminatory intent. [']Title VII does not make unexplained differences in treatment per se illegal . . . .[']" (quoting *EEOC v. Flasher Co., Inc.*, 986 F.2d 1312, 1319 (10th Cir. 1992)). As to the one female trainee reinstated with lower test scores, no factual allegations suggest why she was reinstated, or if it was related to her sex. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1150 (10th Cir. 2008) ("It is not enough . . . for a plaintiff merely to allege that he was a qualified man who was treated differently than a similarly situated woman."). In sum, Mr. Rutila's allegations are

6

"so general that they encompass a wide swath of conduct, most of it innocent," and cannot "nudg[e] [the claim] across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

Mr. Rutila's allegations about the allegedly biased female manager also do not plausibly state a Title VII violation. This female manager did not make the reinstatement decision. And even if we assume her statement that air traffic control was a "white male dominated field" in 2001 reflects some bias, that statement was made 15 years before Mr. Rutila was hired. There is thus no "temporal or causal connection" between her statement and the decision Mr. Rutila alleges was discriminatory. *See Argo*, 452 F.3d at 1202. He claims the reinstatement decisionmaker obtained information about trainees from the allegedly biased manager. He also vaguely alleges the biased manager "conferred" and made "recommendations" after he filed a complaint of discrimination. *See* R. Vol. 1, at 20. But he makes no plausible allegation that these communications were motivated by his sex or caused him to be denied reinstatement.

Mr. Rutila's remaining arguments on appeal do not show reversible error. He argues the district court improperly applied the *McDonnell-Douglas* evidentiary framework at the pleadings stage. We disagree. The district court correctly applied Rule 12(b)(6) standards, making clear Mr. Rutila was "not required to establish a prima facie case." R. Vol. 1, at 164 (citing *Khalik*, 671 F.3d at 1192).

7

Resisting this conclusion, Mr. Rutila primarily relies on *Morman v. Campbell County. Memorial Hospital*, 632 F. App'x 927, 933 (10th Cir. 2015). *Morman* is unpublished and therefore not precedential, and in any event, that case does not help Mr. Rutila. Rather, *Morman* is consistent with the district court's analysis, which referred to the elements Mr. Rutila would need to prove to succeed when evaluating if his complaint plausibly stated a claim. *See id.* ("[W]e can evaluate . . . plausibility only by considering the prima facie case . . . [the plaintiff] would need to prove in court."). The other cases he cites are likewise not instructive. They were decided before *Iqbal*, *Twombly*, or *Khalik* and only make general statements that a complaint need not establish a prima facie case. *See* Aplt. Opening Br. at 36–37 (citing *Swierkiewic v. Sorema N.A.*, 534 U.S. 506, 515 (2002) and *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

Finally, we disagree with Mr. Rutila's contention that the district court impermissibly passed on the female manager's credibility when it observed that her statement about a "male dominated field" was "attenuated" from the facts of this case and "ambiguous" in its meaning. *See* R. Vol. 1, at 167. When viewed in the light most favorable to Mr. Rutila, the facts pled in his complaint, including the female manager's comment, do not plausibly allege a claim of sex discrimination.

Accordingly, we discern no error in the district court's decision to dismiss Mr. Rutila's amended complaint under Rule 12(b)(6).

## B. Denial of Rule 59(e) Relief

We review rulings on Rule 59(e) motions to alter or amend a judgment for abuse of discretion, reversing only if the ruling was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Pueblo of Jemez v. United States*, 63 F.4th 881, 889 (10th Cir. 2023) (quoting *Eaton* v. *Pacheco*, 931 F.3d 1009, 1027 (10th Cir. 2019)). "[A]n error of law per se constitutes an abuse of discretion." *Id.* As the district court observed, grounds for relief under Rule 59(e) "'include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" R. Vol. 1, at 223 (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

In his Rule 59(e) motion, Mr. Rutila argued that denying further amendment would result in manifest injustice because a new action would be time-barred. The district court rejected his argument for several reasons, including: (1) Mr. Rutila already had amended his complaint in response to the FAA's first motion to dismiss, adding "a significant amount of new factual detail and 88 pages of exhibits," *id.*; (2) in response to the FAA's second motion to dismiss he "opted to stand on these allegations," rather than seeking leave to amend, *id.* at 223–24; (3) Mr. Rutila's amended complaint was dismissed for failure to state a claim, not based on "a technical error or the failure to allege facts related to some important element that may not have occurred to him," *id.* at 224; and (4) Mr. Rutila had neither identified additional facts he would allege to cure his complaint's deficiencies nor shown he was previously unaware of such facts.

9

We see no abuse of discretion in the district court's ruling. Mr. Rutila insists the FAA's motions did not put him on notice of the deficiencies that led to dismissal, but we cannot agree. The FAA's first motion to dismiss argued his allegations related to the reinstated trainees were factually insufficient.[5] The FAA's second motion developed that argument and also argued Mr. Rutila had not plausibly pled a claim based on background circumstances. Those are the same deficiencies the district court identified when dismissing the amended complaint. On the record before us, the district court committed no error. *See Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (holding dismissal without permitting amendment was not an abuse of discretion where plaintiff "did not file a written motion for leave to amend" and "failed to let the district court know just how he intended to fix his complaint").[6]

Mr. Rutila also argues that the district court had to rule amendment would be futile before dismissing his complaint without allowing further opportunity to amend. He relies on *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir. 2001), which recites that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is

---

[5] The FAA's first motion to dismiss is No. 10 in the district court's docket. It is not included in the record on appeal, but we may take judicial notice of its contents. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

[6] Any additional facts Mr. Rutila could have alleged should have been put before the district court in a proposed amended complaint accompanying a motion to amend. *See* W.D. Okla. LCvR 15.1 ("A party moving under Fed. R. Civ. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion."). Mr. Rutila did not file such a motion or proposed amended complaint, and in any event, he has not identified what additional facts he could plead to state a viable claim.

obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Id.* at 1275 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). *Oxendine*, a prisoner civil rights case, does not support reversal here. It recites a rule we have generally applied to *sua sponte* dismissal of a plaintiff's complaint, including under the Prison Litigation Reform Act. *See Perkins*, 165 F.3d at 806; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, dismissal was not sua sponte, but followed two motions to dismiss. Mr. Rutila therefore had "notice and opportunity to amend his complaint." *Hall*, 935 F.2d at 1110. The district court concluded further amendment would not make a difference. Under these circumstances, no additional ruling that amendment would be futile was required.

### III. Conclusion

We affirm the district court's judgment.

Entered for the Court

Veronica S. Rossman
Circuit Judge